UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles Gene MAINES, Defendant–
Appellant.

No. 93–5138.

United States Court of Appeals,
Tenth Circuit.

April 5, 1994.

Stephen J. Knorr, Federal Public Defender, and Robert Nigh, Jr., Asst. Federal Public Defender, for petitioner-appellant.

Stephen C. Lewis, U.S. Atty., and Lucy O. Creekmore, Asst. U.S. Atty., for respondent-appellee.

Before TACHA, BRORBY, and EBEL, Circuit Judges.

TACHA, Circuit Judge.

Charles Gene Maines appeals from an order of the district court denying his 28 U.S.C. § 2255 petition for a writ of habeas corpus. Mr. Maines argues that his sentence for unlawful possession of a firearm by a convicted felon was enhanced improperly. We exercise jurisdiction pursuant to 28 U.S.C. § 2253 and affirm.[1]

## I. Background

In 1989, Mr. Maines pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Pursuant to 18 U.S.C. § 924(e)(1), the district court enhanced Mr. Maines's sentence to fifteen

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

years because he had three previous "violent felony" convictions: (1) a 1973 Texas burglary conviction; (2) a 1978 Oklahoma manslaughter conviction; and (3) a 1984 Oklahoma conviction for shooting with intent to kill. Mr. Maines filed a direct appeal and we affirmed in *United States v. Maines*, 920 F.2d 1525 (10th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 263, 116 L.Ed.2d 216 (1991). We did not have the opportunity, however, to consider the issue raised in Mr. Maines's current habeas petition.

Mr. Maines filed this habeas corpus petition in district court in 1992, alleging that his fifteen-year sentence was enhanced improperly under § 924(e)(1). He argued that his 1973 Texas burglary conviction did not qualify as a "violent felony" because his civil rights had been restored in that case by operation of law when his sentence for the 1973 conviction was discharged in 1978.[2] Finding that Mr. Maines's right to vote and his right to possess firearms had been restored by operation of Texas law, but that his rights to hold public office and to serve on a jury had not been restored, the district court concluded that his civil rights had not been restored and that therefore the 1973 conviction properly was used to enhance his sentence under § 924(e)(1). Accordingly, the district court issued an order denying Mr. Maines's habeas petition. Mr. Maines appeals.

## II. Discussion

The sentence enhancement provision of § 924(e)(1) states that "a person who violates section 922(g) ... and has three previous convictions by any court referred to in section 922(g)(1) ... for a violent felony ... shall be ... imprisoned not less than fifteen years." "Violent felony" is defined in § 924(e)(2)(B) as "any crime punishable by imprisonment for a term exceeding one year." A "crime punishable by imprisonment for a term exceeding one year" is, in turn, defined at 18 U.S.C. § 921(a)(20):

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned *or has had civil rights restored* shall not be considered a conviction for purposes of this chapter, *unless* such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

*Id.* (emphasis added).

■ In this case, Mr. Maines argues that the 1973 Texas burglary conviction does not qualify as a "violent felony" for sentence enhancement purposes under § 924(e)(1) because he "has had [his] civil rights restored." § 921(a)(20). We must determine whether the restoration of Mr. Maines's right to vote and his right to possess firearms amounts to a "restoration of civil rights." Because this is a question of statutory interpretation, our review is de novo. *United States v. Burns,* 934 F.2d 1157, 1159 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1246, 117 L.Ed.2d 478 (1992).

In *Burns,* a habeas petitioner convicted under § 922(g)(1) contended that his sentence had been enhanced improperly under § 924(e)(1) because he had received a "certificate of discharge" for an underlying 1965 Kansas burglary conviction which restored his rights to vote, to hold public office and to serve on a jury. *Burns,* 934 F.2d at 1158. We concluded that the restoration of these three rights was insufficient to disqualify the 1965 conviction for § 924(e)(1) enhancement purposes because Kansas law did not restore the petitioner's right to possess firearms. *Id.* at 1160. However, we did not specifically address *which* civil rights, in addition to the right to possess firearms, must be restored before a "violent felony" conviction will be disqualified for § 924(e)(1) enhancement purposes. We now face that question.

---

**2.** Though Mr. Maines did not submit written evidence of a certificate of discharge, the district court found for the purposes of this case that he indeed received a certificate of discharge. A February 2, 1993 letter submitted by the Texas Department of Criminal Justice Pardons and Pa-

roles Division notes that they have no record of such a certificate or of a Governor's full pardon. The letter also states, however, that a certificate of discharge likely would have been issued to Mr. Maines.

■ The Fifth and Sixth Circuits have deemed three civil rights to be fundamental in this context: (1) the right to vote; (2) the right to seek and hold public office; and (3) the right to serve on a jury. *United States v. Thomas,* 991 F.2d 206, 214 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 607, 126 L.Ed.2d 572 (1993); *United States v. Cassidy,* 899 F.2d 543, 549 (6th Cir.1990); *see also United States v. Gomez,* 911 F.2d 219, 221 (9th Cir.1990) (finding that the right to vote and the right to serve on a jury are important civil rights). We agree that these three rights are the fundamental civil rights in this context. We further agree that, in order for a conviction to fall outside the scope of § 924(e)(1) enhancement, there must be not only a restoration of all these civil rights but also the restoration of the right to possess firearms. *See Gomez,* 911 F.2d at 220 (explaining the two-step process courts must follow to determine whether a conviction is disqualified for sentence enhancement purposes); *Thomas,* 991 F.2d at 213 (adopting the two-prong inquiry of *Gomez*).

■ Here, Mr. Maines's right to vote has been restored by operation of Texas law because he received a certificate of discharge. *See* Tex.Elec.Code Ann. § 11.-002(4)(A) (Vernon Supp.1992) (stating that a "qualified voter" is a person who "has not been finally convicted of a felony or, if so convicted, has . . . received a certificate of discharge"). However, neither his right to seek and hold public office nor his right to serve on a jury has been restored. *See generally* § 141.001(a)(4) (stating that a person with a felony conviction cannot be elected to office); Tex.Gov't Code Ann. § 62.102 (disqualifying a convicted felon from jury duty); *see also Thomas,* 991 F.2d at 214 (stating that Texas does not restore the three fundamental civil rights to felons).[3] The restoration of only the right to vote is not a restoration of all civil rights. Because we find that Mr. Maines's civil rights have not been restored, the restoration of his right to possess a firearm is irrelevant. *See id.* at 214 ("In the absence of the restoration of essentially

all civil rights of the convicted felon . . . , the felon's isolated right to possess a firearm is of no import whatsoever.").

Because Mr. Maines's civil rights have not been restored, the 1973 Texas burglary conviction qualifies for § 924(e)(1) enhancement. WE AFFIRM the district court's denial of Mr. Maines's habeas corpus petition.

---

**3.** Unlike the appellant in *Thomas,* Mr. Maines received a certificate of discharge, thus restoring his right to vote.