2000-NMCA-002

993 P.2d 740

Sarah HYDEN, Appellant–Petitioner,

v.

NEW MEXICO HUMAN SERVICES DE-PARTMENT, Income Support Division and Alex Valdez, Secretary, Appellees–Respondents.

James B. Alley, Jr. and Elisabeth W. Alley, Protestants–Appellants,

v.

Benito Martinez, Jr., Santa Fe County Assessor, Respondent–Appellee.

C.F.T. Development, LLC, a New Mexico Limited Liability Company, Appellant,

v.

Board of County Commissioners of Torrance County, Appellee.

Nos. 20,508, 20,518, 20,548.

Court of Appeals of New Mexico.

Oct. 13, 1999.

Clark de Schweinitz, Northern New Mexico Legal Services, Inc., Santa Fe, Joel Jas-

perse, Northern New Mexico Legal Services, Inc., Gallup, for Petitioner.

Rumaldo R. Armijo, General Counsel, Sharon A. Higgins, Ass't General Counsel, State Human Services Department, Santa Fe, for Respondents.

Owen C. Rouse III, Rubin, Katz, Salazar, Alley & Rouse, P.C., Santa Fe, for Appellants.

Barbara Mulvaney, Deputy County Attorney, Santa Fe, for Appellee.

Karl H. Sommer, Sommer, Fox, Udall, Othmer Hardwick & Wise, P.A., Santa Fe, for Appellant.

Anthony B. Jeffries, Albuquerque, for Appellee.

## OPINION

DONNELLY, Judge.

{1}  In each of the three cases before us, we are required to address issues arising from the enactment of new legislation and affecting this Court's authority to exercise judicial review of the final decision of certain administrative agencies under 1998 N.M.Laws, Chapter 55, Sections 1–95, governing appellate review from administrative agencies, and Supreme Court Rule, 12–505 NMRA 1999.  On this Court's own motion, we have consolidated these cases in order to address the common questions therein.

{2}  In 1998, the state Legislature enacted, and the governor signed into law, comprehensive administrative appeals legislation materially changing the method by which parties aggrieved by a final decision of certain administrative agencies could seek appellate review.  See 1998 N.M.Laws, ch. 55, §§ 1–95.  Section 1 of the 1998 Act, now denominated NMSA 1978, § 39–3–1.1 (1998), provides that an aggrieved party may appeal a final administrative decision to the district court, and thereafter, a party may seek further appellate review by petitioning this Court for the issuance of a writ of certiorari.  The statute also provides that "[t]he procedures governing appeals and petitions for writ of certiorari that may be filed pursuant to the provisions of this section shall be set forth in rules adopted by the supreme court."

Section 39–3–1 .1(G).  Although the effective date of such legislation was September 1, 1998, see 1998 N.M.Laws, ch. 55, § 95, Rule 12–505, specifying the procedure for obtaining such appellate review, was not adopted until January 27, 1999.  The order adopting such rule, however, provided that the rule was adopted nunc pro tunc, effective September 1, 1998.

{3}  Because the cases herein were originally initiated as administrative proceedings prior to the effective date of the enactment of Section 39–3.1.1 and the adoption of Rule 12–505, and neither the statute nor the rule expressly states whether the appellate rules and statutes in effect prior to September 1, 1998, or the newly adopted statute and rule govern the method of obtaining review in this Court in such cases, this Court directed the parties to brief the question of whether the prior law or current law governs the method of seeking review in this Court.  The parties were also directed to brief the application, if any, to this issue of New Mexico Constitution Article IV, § 34; In re U.S. West Communications, Inc., 1999–NMSC–024, 127 N.M. 375, 981 P.2d 789; Trujillo v. Serrano, 117 N.M. 273, 871 P.2d 369 (1994); Govich v. North American Systems, Inc., 112 N.M. 226, 814 P.2d 94 (1991), Lowe v. Bloom, 110 N.M. 555, 798 P.2d 156 (1990); Brown v. Board of Education, 81 N.M. 460, 468 P.2d 431 (Ct.App.1970).

{4}  For the reasons discussed herein, we grant the petition for writ of certiorari in Hyden v. New Mexico Human Services Department, No. 20,508, and that case will be placed on an appropriate calendar in this Court.  Because Appellants in Alley v. Martinez, No. 20,518, have explained the reasons in their brief in response to this Court's order indicating why they did not follow the provisions of Section 39–3–1.1 and Rule 12–505, because they sought an extension of time in which to file a petition for certiorari, and because we find the circumstances shown herein to be unusual, we grant their requested extension and allow them twenty days from the filing of this opinion in which to file a proper petition for writ of certiorari.  Because Appellants in C.F.T. Development, LLC v. Board of County Commissioners of

*Torrance County,* No. 20,548, have asked us to exercise our jurisdiction liberally to hear cases on their merits, and because the same circumstances which apply to the *Alley* case may also apply to it, we grant Appellant in that case an extension of time of twenty days from the date of this opinion in which to file both a motion for extension of time to file a petition for writ of certiorari and the proposed petition for writ of certiorari.

*FACTS AND PROCEDURAL BACKGROUND*

{5} In *Hyden v. New Mexico Human Services Department,* No. 20,508, Sarah Hyden, a Medicaid recipient, on April 16, 1998, sought a fair hearing before the Department. Hyden alleged that the medical treatment and services provided to her were inadequate and did not comply with federal law and the Department's own regulations. On August 19, 1998, a hearing officer dismissed Hyden's claim. Hyden then appealed to the district court of Santa Fe County. After a hearing, on June 2, 1999, the district court entered an order dismissing Hyden's appeal. Thereafter, on June 22, 1999, Hyden filed a petition for writ of certiorari with this Court.

{6} In *Alley v. Martinez,* No. 20,518, Appellants protested in 1998 the Santa Fe County Assessor's denial of the agricultural tax status of land owned by them. The Santa Fe County Tax Valuation Protests Board denied the protest on October 19, 1998, and on November 13, 1998, Appellants filed an appeal to this Court. Appellants subsequently dismissed their appeal to this Court and thereafter filed a notice of appeal to the Santa Fe District Court on November 18, 1998. Thereafter, the district court denied the appeal on April 27, 1999, and Appellants filed a notice of appeal with this Court on May 26, 1999.

{7} In *C.F.T. Development, LLC v. Board of County Commissioners of Torrance County,* No. 20,548, Appellant filed an application for approval of a subdivision on April 20, 1996. On March 26, 1997, the Board of County Commissioners denied the applica-

tion. On April 22, 1997, Appellant appealed to the district court. On September 15, 1998, the district court remanded the case back to the Board for entry of specific findings of fact and conclusions of law. Appellant then requested the district court to reopen the case. The district court granted the request, but on May 7, 1999, entered an order denying Appellant's administrative appeal. Appellant filed a notice of appeal to this Court on June 3, 1999.

*DISCUSSION*

{8} The comprehensive administrative appeals legislation adopted by the Legislature sought to simplify and standardize the method for obtaining judicial review of final decisions of certain administrative agencies. Section 39–3–1.1(E), included therein, provides that after filing an appeal to the district court, a party "may seek review of the district court decision by filing a petition for *writ of certiorari* with the court of appeals, which may exercise its discretion whether to grant review. A party may seek further review by filing a petition for writ of certiorari with the supreme court."[1] (Emphasis added.)

{9} Rule 12–505, adopted by the Supreme Court, outlined the procedure for seeking further appellate review in such cases. The rule provides in pertinent part:

A. **Scope of rule.** This rule governs review by the Court of Appeals of decisions of the district court:

(1) from administrative appeals pursuant to Rule 1–074 NMRA and Section 39–3–1.1 NMSA 1978, and

(2) from constitutional reviews of decisions and orders of administrative agencies pursuant to Rule 1–075 NMRA.

B. **Scope of review.** A party aggrieved by the final order of the district court in any case described in Paragraph A of this rule *may seek review of the order by filing a petition for writ of certiorari with the Court of Appeals,* which may ex-

---

1. The text of present Section 39–3–1.1 was first published in the 1998 New Mexico Session Laws as Section 12–8A–1 in March 1998 (1998 N.M.Laws ch. 55, § 1, Second Session). The statute was subsequently also published as Section 39–3–1.1 in the 1998 Michie Cumulative Supplement to the New Mexico Statutes Annotated, Pamphlet 61.

ercise its discretion whether to grant the review.

C. **Time.** *The petition for writ of certiorari shall be filed with the clerk of the Court of Appeals within twenty (20) days after entry of the final action by the district court.*[2]

(Emphasis added.)

{10} Analysis of the records in the three cases before us indicates that each case was filed with a board or administrative agency prior to the time that Section 39–1–1.1 and Rule 12–505 were adopted. The decisions of the administrative agencies were then appealed to the district courts, which entered their final orders after the effective date of Section 39–3–1.1 and Rule 12–505. In each case, the aggrieved parties then sought further judicial review by this Court. The question thus arises whether these circumstances bring each of these cases within the prohibition imposed by Article IV, Section 34 of the New Mexico Constitution providing that "[n]o act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case." We also examine whether, under the facts applicable to each case, this Court has authority to exercise its power of judicial review.

*APPLICABILITY OF CONSTITUTIONAL PROVISION*

{11} We turn first to an examination of Article IV, Section 34 of our state constitution to determine whether such provision mandates that the statutory provisions existing at the time the three cases were initiated before the respective administrative agencies below, or were appealed to the district courts, control the method of obtaining further appellate review by this Court. Additionally, we examine whether both the time requirements and method of seeking appellate review are governed by Section 39–3–1.1 and Rule 12–505.

■ {12} Interpretation of the applicability of Article IV, Section 34 of our state

constitution to the comprehensive appeals legislation to the cases before us is a question of law, which we review de novo. *See In re U.S. West Communications*, 1999–NMSC–024, ¶ 15, 127 N.M. 375, 981 P.2d 789; *Pinnell v. Board of County Comm'rs*, 1999–NMCA–074, ¶ 17, 127 N.M. 452, 982 P.2d 503.

■ {13} In *In re U.S. West Communications*, our Supreme Court considered three orders that had been issued by the State Corporation Commission (SCC), which body was subsequently replaced by the new Public Regulation Commission (PRC) pursuant to a constitutional amendment. U.S. West argued that removal procedure was the proper method of obtaining judicial review. *See* 1999–NMSC–024, ¶ 8, 127 N.M. 375, 981 P.2d 789. The Attorney General and the PRC argued that NMSA 1978, § 63–7–1.1 (1998, effective Jan. 1, 1999), was the applicable method governing the method of appellate review of each of the orders in question. *See id.* ¶ 9. The Court held that the constitutional amendment did not constitute a legislative act within the meaning of Article IV, Section 34 of our state constitution so as to restrict the Legislature from modifying the method of appellate review. *See id.* ¶ 10. The Court also held that the proceedings contesting the validity of the orders were not "pending" cases within the meaning of Article IV, Section 34 of our state constitution, because a case is no longer considered pending after a final judgment of the court has been filed, unless the judgment entered by the court remains under its control or if a subsequent judicial proceeding can be traced to the court's instruction in a remand or in an opinion directing the filing of a new action. *See id.* ¶¶ 12–18. Thus, the Court concluded that because final orders had been entered by the SCC in such proceedings, and the proceedings were no longer pending before the SCC when the final orders were entered, the cases were not "pending" within the meaning of Article IV, Section 34 of our state constitu-

**2.** The text of Supreme Court Rule 12–505 was first published in the New Mexico State Bar Bulletin, Volume 38, No. 8, at 22, on February 25, 1999. The rule was later also published in the March 1999 New Mexico Advance Annota-

tion and Rules Service, Pamphlet No. 2, in the May 1999 New Mexico Advance Annotation and Rules Service, Pamphlet No. 3, and in Michie's August 1999 Supplement to Volume 2 of the New Mexico Rules Annotated.

tion. *See id.* We reach a similar result in each of the three cases before us and conclude that because final orders of the respective district courts were entered after the effective dates of Section 39–3–1.1 and .Rule 12–505, the cases before us were not "pending" cases within the meaning of Article IV, Section 34 of our state constitution when review in this Court was sought.

■ {14} We next examine whether, under the circumstances existing here, this Court can review the three cases herein. In *Hyden* there was a proper and timely filed petition for writ of certiorari. Thus, we should definitely review that case. In the other cases, however, Appellants filed notices of appeal from final orders of the district court entered after the effective date of both the statute and the rule. Appellants in those cases also failed to comply with the twenty-day time limit imposed by the rule for seeking review on certiorari.

{15} In *Govich*, 112 N.M. at 230, 814 P.2d at 98, responding to Justice Montgomery's dissent in *Lowe*, our Supreme Court, in lieu of using the term "jurisdictional" to refer to the requirements of time and place of filing the notice of appeal, held that those requirements should more appropriately be termed "mandatory precondition[s] to the exercise of jurisdiction" that could be excused under certain circumstances in the exercise of an appellate court's discretion. In *Trujillo*, 117 N.M. at 278, 871 P.2d at 374, for example, the Supreme Court exercised its discretion to excuse the late filing of a notice of appeal when unusual circumstances occasioned by judicial error caused the untimeliness. We believe the unusual circumstances shown in each of the cases filed as appeals before us also warrant this Court's exercise of its discretion to permit review on the merits.

{16} In *Chavez v. U–Haul Co.*, 1997–NMSC–051, ¶ 26, 124 N.M. 165, 947 P.2d 122, our Supreme Court reviewed appeals in two cases in which the notices of appeal had been untimely filed. After discussing the facts applicable of each case and its earlier decision in *Trujillo*, the Court stated:

The discretion to hear an untimely appeal should not be exercised where there is no court-caused delay of the sort discussed in *Trujillo*, where there are no unusual circumstances such as in Chavez's case, and where a notice of appeal is filed thirty days late. If we were to allow Jones's appeal, the efficacy of Rule 12–201 would be severely undermined and weakened. On these facts, the need for efficient administration of justice outweighs the right to an appeal.

In view of our Supreme Court's long history of stating that rules will be construed liberally in order that cases on appeal may be heard on their merits, *see, e.g., Montgomery v. Cook*, 76 N.M. 199, 208, 413 P.2d 477, 484 (1966); *Baker v. Sojka*, 74 N.M. 587, 589, 396 P.2d 195, 196 (1964), we believe that it is appropriate for the reviewing court to give due consideration to all of the circumstances in the legal environment surrounding the untimeliness in a particular case.

{17} In contrast to the result in Jones's case, discussed in *Chavez*, 1997–NMSC–051, ¶ 16, 124 N.M. 165, 947 P.2d 122 in which the same notice-of-appeal rules had been in place and known to all for many years, the statute and rule governing the method of obtaining administrative review in the instant cases have been termed a "procedural morass" in the brief of one of the cases before us. Although the statute was enacted and effective in 1998, it expressly provided that certiorari procedure was to be governed by rules adopted by the Supreme Court. *See* § 39–3–1.1(G). A person looking for the appropriate rule to follow between September 1, 1998, and February 25, 1999, when the rule was published in the back of the bar bulletin "*nunc pro tunc*," would not have found the rule at all. Prior to the time the Michie 1999 supplements were published, at which time anyone researching the statutes and rules should have been able to easily find Rule 12–505, the appropriate rule was found only in the back of a bar bulletin and in the Advance Annotation and Rules Service. In both the *Alley* case and in another case on our docket of which we take judicial notice, the attorneys candidly admitted that they either did not know where their Advance Service was or they did not routinely research in it for every procedure for every case that they

have. While we cannot approve of such practice, we also consider the situation raised by the procedure in these cases to pose such unusual circumstances as to warrant the exercise of our discretion to grant extensions of time in which to file petitions for certiorari, where those extensions are sought because of confusion surrounding the enactment and publication of Rule 12–505.

*CONCLUSION*

{18} We conclude that the cases herein did not constitute "pending" cases within the contemplation of Article IV, Section 34 of our state constitution. Accordingly, certiorari is the proper procedure. We grant the petition for writ of certiorari in *Hyden v. New Mexico Human Services Department,* No. 20,508; that case will be calendared in due course. We grant the requested extension in *Alley v. Martinez,* No. 20,518, and allow twenty days from the filing of this opinion in which to file a proper petition for writ of certiorari. We grant Appellant in *C.F.T. Development, LLC v. Board of County Commissioners of Torrance County,* No. 20,548, an extension of time of twenty days from the date of this opinion in which to file both a motion for extension of time to file a petition for writ of certiorari and a proposed petition for writ of certiorari.

{19} IT IS SO ORDERED.

PICKARD, C.J., and BOSSON, J., concur.

