2001-NMCA-022

25 P.3d 902

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Herman MAYNES, Defendant–Appellee.**

No. 20,858.

Court of Appeals of New Mexico.

Feb. 13, 2001.

Certiorari Denied, No. 26,822, April 13, 2001.

Patricia A. Madrid, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, NM, for Appellant.

Phyllis H. Subin, Chief Public Defender, Josephine H. Ford, Assistant Appellate Defender, Albuquerque, NM, for Appellee.

## OPINION

SUTIN, Judge.

{1} In 1993, Defendant was charged in metropolitan court with driving while intoxicated (DWI) and driving without a license. After failures to appear for trial in 1993 and 1995, he was arrested on a bench warrant in April 1999 and a jury found him guilty on both counts in May 1999. On appeal, the district court dismissed the charges with prejudice because the metropolitan court failed to make a record of the trial proceedings. The district court held that appeal in the district court therefore was impossible and retrial in the metropolitan court would violate Defendant's constitutional protection from double jeopardy.

{2} The State appeals the dismissal. We analyze the effects of legislative changes, during the six years between Defendant's original charge and his conviction, to the procedure for the trial and appeal of DWI cases from metropolitan court. In particular, we assess the application of Article IV, § 34, of the New Mexico Constitution (Section 34): "No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

{3} Our review of the applicability of Section 34 to the undisputed facts of this case is de novo. *Hyden v. New Mexico Human Servs. Dep't,* 2000–NMCA–002, ¶ 12, 128 N.M. 423, 993 P.2d 740.

## DISCUSSION

{4} Until 1994, the metropolitan court made no record of its criminal proceedings.

NMSA 1978, § 34–8A–6(B) and (C) (1981). All appeals were de novo in the district court. Section 34–8A–6(D). The Legislature changed that procedure, effective January 1, 1994, to require the metropolitan court to record the proceedings in DWI cases. NMSA 1978, § 34–8A–6 (1993). Pursuant to the change, appeals of those cases are based on the record of proceedings from the metropolitan court. Section 34–8A–6(C); *State v. Krause,* 1998–NMCA–013, ¶ 5, 124 N.M. 415, 951 P.2d 1076. The Supreme Court adopted Rule 7–703(J) NMRA 2001 to implement the statute. *Krause,* 1998–NMCA–013, ¶ 4, 124 N.M. 415, 951 P.2d 1076. Supreme Court order No. 93–8300, entered December 30, 1993, implementing the rules and amendments to effectuate the legislative change in procedure, expressly stated that they "shall be effective for cases filed in the Metropolitan Courts on or after January 1, 1994."

{5} Thus, the Supreme Court recognized, as it has in the past, the effect of Section 34 on changes in procedure. *See Marquez v. Wylie,* 78 N.M. 544, 546–47, 434 P.2d 69, 71–72 (1967) (holding application of new district court procedural rule inapplicable because amendment occurred while case was pending in district court, and distinguishing cases involving only appellate procedure). It was therefore not error for the metropolitan court to try the case without a record, and it was error for the district court to require a record and decline to try the case de novo. Our decision rests on both the plain language of Section 34 and that of the Supreme Court order implementing the change.

{6} The parties argue the applicability of two cases that recently addressed Section 34. *In re Held Orders of U.S. West Communications, Inc.,* 1999–NMSC–024, 127 N.M. 375, 981 P.2d 789; *Hyden,* 2000–NMCA–002, 128 N.M. 423, 993 P.2d 740. Both opinions determined that no case was "pending" when the legislation was enacted and, therefore, Section 34 was not implicated. Both cases are distinguishable from the present case.

{7} The *U.S. West* court found that legislation setting out appellate procedure for the newly-created Public Regulation Commission (PRC) did not affect cases in which State Corporation Commission (SCC) (the predecessor to the PRC) final orders had already been issued and removal orders had not yet been docketed in the Supreme Court. *U.S. West,* 1999–NMSC–024, ¶¶ 17–18, 127 N.M. 375, 981 P.2d 789. It is the "general rule that a case is not pending before it is on the docket of some court or after a final judgment is filed." *Id.* ¶ 18. That the SCC cases were deemed not to be "pending" at the time the new PRC legislation was enacted due to the previous entry of SCC final orders distinguishes *U.S. West* from the case before us now. *Id.* ¶ 17.

{8} In *Hyden,* new legislation changed the procedure for appellate review of administrative decisions. *Hyden,* 2000–NMCA–002, ¶ 2, 128 N.M. 423, 993 P.2d 740. This Court held Section 34 inapplicable because the district court had issued final orders but an appeal was not yet docketed in the Court of Appeals until after the effective date of the legislation. *Id.* ¶ 13. That is, since the legislation affected only appellate procedure and the matters at issue were not yet appealed, the cases were not pending pursuant to Section 34 when appellate review was sought. *Id.* Therefore, *Hyden* is also not on point. Here, the new legislation affected not only appellate procedure. It also changed a trial procedure in contemplation of that new appellate procedure. Thus, as recognized by the Supreme Court order implementing the new procedures, Section 34 applied to the whole range of changes made, from trial to appeal.

{9} Because we remand this case to the district court for trial de novo, we need not address whether a retrial in the metropolitan court would violate Defendant's constitutional protections against double jeopardy.

**CONCLUSION**

{10} We reverse the order of the district court dismissing the criminal complaint. On remand, Defendant's appeal to the district court should proceed de novo.

{11} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, LYNN PICKARD, Judge.