2004-NMCA-071

94 P.3d 14

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Mack STANFORD, Defendant–Appellant.**

No. 23,782.

Court of Appeals of New Mexico.

April 21, 2004.

Patricia A. Madrid, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, for Appellee.

C. Barry Crutchfield, Templeman and Crutchfield, Lovington, for Appellant.

## OPINION

WECHSLER, Chief Judge.

{1} In this appeal, we hold that Article IV, Section 34 of the New Mexico Constitution, which prohibits a legislative act from affecting the right or remedy of a party in a pending case, precludes the effect of the 2002 amendment to the habitual offender statute, NMSA 1978, § 31–18–17 (2002), when a supplemental criminal information is filed before, and Defendant is sentenced after, the July 1, 2002 effective date of the amendment.

{2} Defendant Mack Stanford appeals the one-year enhancement of his sentence for possession of a controlled substance on October 11, 2001. He entered a no contest plea which was accepted by the district court on June 17, 2002. The State filed a supplemental criminal information seeking habitual offender enhancement on June 25, 2002. Defendant was arraigned on the supplemental information on August 5, 2002 and subsequently stipulated to a prior felony conviction dated March 15, 1989. Under the 2002 amendment to Section 31–18–17, this 1989 conviction would arguably not support the enhancement because the amendment modified the definition of a "prior felony conviction" to exclude convictions ten or more years old at the time of the present conviction. Section 31–18–17(D)(1) (defining "prior felony conviction" for the purposes of this case as "a conviction, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later"). At an October 7, 2002 hearing, the district court applied the habitual offender statute in effect at the time Defendant committed the offense of possession of a controlled substances. It made written findings of fact and conclusions of law to that effect on November 27, 2002 and entered judgment and sentence on January 16, 2003.

{3} Defendant argues that the district court erred by not applying the 2002 amendment to the habitual offender statute at sentencing to exclude his 1989 conviction from the court's consideration. The State maintains that the district court correctly applied the statute in effect at the time of the commission of the underlying offense. In *State v. Shay*, 2004–NMCA–077, ¶ 23, 136 N.M. 8, 94 P.3d 8, 2004 WL 1541927 [No. 23,594 (N.M.Ct.App. Apr. 21, 2004)], also filed today, we hold that the legislature intended the 2002 amendment to Section 31–18–17 to apply to cases when a defendant is sentenced for the underlying crime after July 1, 2002. *Shay*, 2004–NMCA–077, ¶¶ 8–9, 136 N.M. 8, 94 P.3d 8 (stating that NMSA 1978, § 12–2A–16(C) (1997) is indicative of legislative intent to apply reductions in criminal penalties if the penalty "has not already been imposed"). In *Shay*, the consolidation of two cases, the defendants committed the underlying offenses prior to July 1, 2002. *Id.* ¶¶ 3–4. They were convicted and sentenced after July 1, 2002. *Id.* Pursuant to supplemental informations also filed after July 1, 2002, the courts enhanced the defendants' sentences using the habitual offender statute in effect at the time of the commission of the underlying offense. *Id.*

{4} The facts in this case, however, give rise to a different result from *Shay* because of Article IV, Section 34, which provides: "No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case." In *Shay*, Article IV, Section 34 did not apply because there was no pending case as of July 1, 2002; the State did not file the supplemental information seeking habitual offender enhancement until after that date. *Shay*, 2004–NMCA–077, ¶ 20, 136 N.M. 8, 94 P.3d 8. It also did not have any right or remedy to be affected by any legislative act until after July 1, 2002 because it could not seek habitual offender enhancement until after the defendants' convictions. In this case, the 2002 amendment took effect after the State filed the supplemental information following Defendant's conviction. We analyze the legal question of the applicability of Article IV, Section 34 under a de novo standard of review. *Hyden v. N.M. Human Servs. Dep't*, 2000–NMCA–002, ¶ 12, 128 N.M. 423, 993 P.2d 740.

{5} Article IV, limits the ability of the legislature to enact legislation that affects pending litigation. As our Supreme Court observed in *In re Held Orders of U.S. West Communications, Inc.*, 1999–NMSC–024, ¶ 14, 127 N.M. 375, 981 P.2d 789 (*US West*), the "guiding principle" in ascertaining whether a case is pending for the purpose of Article IV, Section 34 relates to the constitutional intent of Article IV, Section 34 to prevent the legislature from interfering with ongoing cases " 'which have not been concluded, finished, or determined by a final judgment.' " *US West*, 1999–NMSC–024, ¶ 14, 127 N.M. 375, 981 P.2d 789 (quoting *Stockard v. Hamilton*, 25 N.M. 240, 245, 180 P. 294, 295 (1919)). As stated in *Stockard*,

This provision of the Constitution was inserted for the purpose of curing a well-known method, too often used in the days when New Mexico was under a territorial form of government, to win cases in the courts by legislation which changed the rules of evidence and procedure in cases which were then being adjudicated by the various courts of the state.

*Id.* at 245, 180 P. at 295. Article IV, Section 34 applies as well to legislative action that changes a substantive right or remedy. *See Hillelson v. Republic Ins. Co.*, 96 N.M. 36, 37–38, 627 P.2d 878, 879–80 (1981) (holding that change of statutory interest rate on judgments from six to ten percent per annum affected a right or remedy under Article IV, Section 34). Although it may not be easy to discern the difference between a right and a remedy in this context, such difference is not relevant to our analysis. A right or remedy is involved when a party's ability to achieve a particular result is affected. *See id.*

{6} *US West* involved two cases decided by the New Mexico State Corporation Commission (SCC) immediately prior to the repeal of its constitutional authority. With the establishment of the New Mexico Public Regulation Commission (PRC), the legislature enacted new procedures for appeal of PRC proceedings. *US West*, 1999–NMSC–024, ¶ 5, 127 N.M. 375, 981 P.2d 789. U.S.

West did not perfect its appeal in the two cases under the repealed procedure before the SCC lost its authority and the new procedures went into effect. *Id.* ¶ 17. Our Supreme Court reviewed the purpose of Article IV, Section 34 stated in *Stockard* and held that the cases were not pending cases under Article IV, Section 34 because there was no suggestion that the legislative purpose in enacting the new procedures was to affect the merits of the cases or was other than to provide a neutral procedure to transfer operations from the SCC to the PRC. *US West,* 1999–NMSC–024, ¶ 16, 127 N.M. 375, 981 P.2d 789. It further determined that the cases were not pending at the time the new procedure became effective because the SCC orders in question were final at that point and the Court did not have reason to deviate from the general rule that "a case is not pending before it is on the docket of some court or after a final judgment is filed." *Id.* ¶ 18.

{7} Applying our Supreme Court's analysis in *US West,* there is also no reason to deviate from the general rule in this case. The supplemental information was filed before the 2002 amendment and remained undecided as of July 1, 2002. Even though the supplemental information was not served until later, it was pending when the 2002 amendment became effective. In addition, the 2002 amendment to the habitual offender statute was not a neutral legislative act in that it limits the scope of the statute. In that way, it can benefit a defendant and affect a right or remedy of the State in a habitual offender proceeding. This right or remedy is protected by Article IV, Section 34 once the supplemental information is filed. *See Hillelson,* 96 N.M. at 37–38, 627 P.2d at 879–80.

{8} We also apply Article IV, Section 34 to the State in a criminal proceeding. Although our Supreme Court has questioned in dictum whether Article IV, Section 34 has applicability to criminal cases in view of the ex post facto provisions of the state and federal constitutions and the believed purpose of Article IV, Section 34, *see Woo Dak San v. State,* 36 N.M. 53, 55, 7 P.2d 940, 941 (1931), this Court has consistently applied the provision to criminal cases. *See State v. Maynes,* 2001–NMCA–022, ¶ 2, 130 N.M. 452, 25 P.3d 902; *State v. Gallegos,* 91 N.M. 107, 109, 570 P.2d 938, 940 (Ct.App.1977); *State v. DeBaca,* 90 N.M. 806, 808, 568 P.2d 1252, 1254 (Ct.App.1977). Moreover, the ex post facto provisions do not necessarily apply to procedural changes expressly covered by Article IV, Section 34. *See Murphy v. Kentucky,* 465 U.S. 1072, 1073, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984) (White, J., dissenting) (dissenting from denial of certiorari to review holding that change in procedural rule relating to evidence necessary to convict was not ex post facto and noting confusion in lower courts "concerning the application of the *Ex Post Facto* Clause to changes in rules of evidence and procedure"). *See generally* 2 Norman J. Singer, *Statutes and Statutory Construction* § 42:6 (6th ed. rev.2001). They further do not protect the State, as a party in litigation, from a legislative change in a right or remedy in a pending case. *See Woo Dak San,* 36 N.M. at 55, 7 P.2d at 941. Article IV, Section 34 expressly applies to either party in a pending case. Given the purpose of Article IV, Section 34 to avoid the winning of a case by legislative enactment, *Stockard,* 25 N.M. at 245, 180 P. at 295, it also would have been within the constitutional intent to preclude a defendant in a criminal case from tinkering with the case during the legislative session. Article IV, Section 34, by its language, covers such activity.

{9} We do not believe that *State v. Pace,* 80 N.M. 364, 456 P.2d 197 (1969), requires a different result. In *Pace,* the defendant had been convicted of first degree murder and sentenced to death. *Id.* at 366, 456 P.2d at 199. Prior to the imposition of the sentence, the legislature amended the death penalty law to provide that the defendant's offense was only punishable by life imprisonment. *Id.* at 372, 456 P.2d at 205 (per curiam) (supplemental opinion). Our Supreme Court held, comparing the case to *Woo Dak San,* that the change of the penalty did not violate Article IV, Section 34. *Pace,* 80 N.M. at 372, 456 P.2d at 205. In *Woo Dak San,* the Court held that a change in the manner of imposition of the death penalty did not infringe upon Article IV, Section 34 because

it took effect after there had been a final judgment in the case. *Woo Dak San*, 36 N.M. at 55, 7 P.2d at 941. In *Pace*, there had also been a final judgment, and mandate on appeal had been deferred until after the effective date of the abolition of the death penalty. *Pace*, 80 N.M. at 372, 456 P.2d at 205. Although a case on appeal may be a pending case for purposes of Article IV, Section 34, *Woo Dak San* and *Pace* are distinguishable, if for no other reason, because of the significance of the death penalty and the policy, albeit unexpressed by the Court in *Woo Dak San* and *Pace*, that the State will not carry out a death sentence if there is slightest doubt about the validity of the basis for the sentence. *See State v. Martinez*, 2002–NMSC–008, ¶ 8, 132 N.M. 32, 43 P.3d 1042 (noting the unique nature of death penalty and stating that "[d]eath penalty cases are different from non-capital cases").

{10} We therefore affirm the habitual offender enhancement of Defendant's sentence. Because the supplemental information was filed prior to the effective date of the 2002 amendment to Section 31–18–17, Article IV, Section 34 prohibits the application of the amendment in this case.

{11} **IT IS SO ORDERED.**

ALARID and FRY, JJ., concur.