This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38768**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.

**DAVID PRIEMAZON,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel J. Gallegos, Jr., District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellant

Law Office of Monnica L. Barreras, LLC
Monnica L. Barreras
Albuquerque, NM

The Bregman Law Firm, P.C.
Sam Bregman
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**    Defendant David Priemazon was convicted, following a jury trial, of aggravated battery resulting in great bodily harm, contrary to NMSA 1978, Section 30-3-5(A), (C) (1969), a third degree felony. The district court entered an order deferring imposition of sentence and placing Defendant on supervised probation for a term of three years. *See*

*generally* NMSA 1978, § 31-20-3(A) (1985). The district court's order setting forth Defendant's conditions of probation expressly states that he "is allowed to possess a firearm." The State appeals, contending that this statement renders the order contrary to a legislative enactment and therefore resulted in an illegal sentence that the district court was without jurisdiction to enter. *See generally State v. Travarez*, 1983-NMCA-003, ¶ 4, 99 N.M. 309, 657 P.2d 636 ("It is within the power of the [L]egislature alone to define the court's jurisdiction over the sentencing of offenders."). We agree with the State and reverse because NMSA 1978, Section 31-20-6 (2007) requires district courts, in placing a defendant on probation as a consequence of deferring sentence, to impose conditions ensuring that the defendant will "observe the laws of the United States," and one of those laws, 18 U.S.C. § 922(g)(1) (2018), prohibits Defendant from possessing a firearm.[1]

## DISCUSSION[2]

**{2}** "We review whether a court's imposition of a condition of probation is lawful under an abuse of discretion standard." *State v. Baca*, 2004-NMCA-049, ¶ 13, 135 N.M. 490, 90 P.3d 509. A district court abuses its discretion when it makes a decision "premised on a misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citation omitted). Insofar as our analysis turns on the meaning of a federal statute, our review is de novo. *N.M. Mining Comm'n v. United Nuclear Corp.*, 2002-NMCA-108, ¶ 6, 133 N.M. 8, 57 P.3d 862.

**{3}** The parties assume, and we agree, that district courts lack authority to enter a condition of probation that purports to permit violations of federal, state, or local law—to, in effect, authorize a probationer to commit a federal, state, or local crime. Section 31-20-6 requires a district court that enters a deferred sentence and places a defendant on probation to impose conditions the court believes necessary to ensure that the defendant will "observe the laws of the United States and the various states and the ordinances of any municipality." A district court cannot ensure the requisite observance of the law by affirmatively providing that a defendant may violate the law. We agree with the State that federal law, specifically, § 922(g)(1), prohibits Defendant from possessing a firearm and, therefore, that the district court abused its discretion by providing that Defendant could possess one.

**{4}** Section 922(g)(1) makes it unlawful, as relevant, for any person "who has been convicted in any court of" "a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. What constitutes a conviction of a crime punishable by imprisonment for more than one year is determined "in accordance with the law of the jurisdiction in which the proceedings were held[,]" and a conviction that would otherwise

---

1Because we conclude that the district court erred by including the condition that purported to permit Defendant to violate federal law, we need not address Defendant's contention that New Mexico law does not independently prohibit him from possessing a firearm.
2This memorandum opinion does not include a background section because the parties are familiar with the background.

qualify "shall not be considered a conviction" if the person convicted "has had civil rights restored." 18 U.S.C. § 921(a)(20) (2018). There is no dispute in this case that Defendant's conviction for third degree aggravated battery disqualifies him from possessing a firearm if his civil rights have not been restored. *See generally* § 31-20-3(A) (allowing trial courts to defer the imposition of sentence "[u]pon entry of a judgment of conviction"); § 30-3-5(C) (providing that aggravated battery inflicting great bodily harm is a third degree felony); NMSA 1978, § 31-18-15(A)(11) (2016) (providing that the basic sentence for a third degree felony is three years). Thus, whether they have been restored is the only question before us.

**{5}**      The State urges us to answer that question in accordance with *United States v. Maines*, 20 F.3d 1102 (10th Cir. 1994). Specifically, the State argues that, under *Maines*, federal law prohibits Defendant from possessing a firearm because Defendant's rights to vote, hold public office, and serve on a jury, which he lost when he was convicted of a felony, have not been restored under New Mexico law. *See* NMSA 1978, § 31-13-1(A)(1) (2005) (providing that a "person who has been convicted of a felony" may not vote unless the person "has completed the terms of a suspended or deferred sentence imposed by a court"); NMSA 1978, § 38-5-1(B) (2006) (providing that a person who has been "convicted of a felony . . . may be summoned for jury service if the person has successfully completed all conditions of the sentence imposed for the felony, including conditions for probation or parole"); *United States v. Reese*, 2014-NMSC-013, ¶¶ 43, 45, 326 P.3d 454 (holding that the right to hold public office is restored upon the expiration of the term of deferment and explaining that, "upon *completing* a deferred sentence, all civil rights are automatically restored under New Mexico law" (emphasis added)). In *Maines*, the Tenth Circuit held that all three of those rights, as well as the right to possess firearms, must be restored before a person no longer qualifies as one with a conviction under federal law. 20 F.3d at 1103-04.

**{6}**      We find *Maines* persuasive and follow it. None of the cases Defendant relies on to argue that we should interpret the federal statute differently are actually contrary to *Maines* in any pertinent way. And we see no reason to adopt Defendant's theory that a state's restoration of a defendant's right to possess firearms alone is good enough when that defendant's other *Maines* rights are still suspended.[3] Section 921(a)(20) does not refer solely to the right to possess firearms; it refers more broadly to "civil rights." Even if we assume, as Defendant argues, that the provision of the order that states that Defendant may possess a firearm qualifies as a "restoration" of *one* of his civil rights, there is no dispute that Defendant's other civil rights—to vote, hold public office, and serve on a jury—will not be restored until he successfully completes his deferred sentence. *See Reese*, 2014-NMSC-013, ¶ 43. Because he has not yet done so, his civil rights have not been restored within the meaning of § 921(a)(20), and § 922(g)(1)

---

3We are unpersuaded by Defendant's attempt to distinguish *Maines* on the ground that that case "did not involve the question of whether a prior conviction could bar someone from possessing a firearm under [§ 922(g)(1)] when applying [§ 921(a)(20)]." Section 922(g)(1) bars people "who ha[ve] been convicted in any court of" "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm, and § 921(a)(20) sets forth what constitutes such a conviction. The meaning of the latter statute was the central issue before the Tenth Circuit in *Maines. See* 20 F.3d at 1103.

prohibits him from possessing a firearm. By purporting to authorize him to violate that prohibition, the district court abused its discretion. *See* § 31-20-6.

**CONCLUSION**

**{7}** We reverse the provision of the district court's order that allows Defendant to possess firearms and remand with instructions to either strike that provision or enter an amended order consistent with this opinion.

**{8}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**