**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Terrence T. JONES, Defendant–
Appellant.**

**No. 03–3377.**

United States Court of Appeals,
Tenth Circuit.

Dec. 8, 2004.

―――――――

Submitted on the briefs *:

David J. Phillips, Federal Public Defender, and Timothy J. Henry, Assistant Federal Public Defender, Wichita, KS, for Defendant–Appellant.

Eric F. Melgren, United States Attorney, and Brent I. Anderson, Assistant United States Attorney, Wichita, KS, for Plaintiff–Appellee.

Before BRISCOE, McKAY, and HARTZ, Circuit Judges.

HARTZ, Circuit Judge.

Defendant Terrence T. Jones appeals his conviction for violating 18 U.S.C. § 922(g), which makes it unlawful for a convicted felon "to . . . possess in or affecting commerce . . . any . . . ammunition." On April 14, 2000, police officers in Wichita, Kansas, discovered Defendant in possession of a gun holster and an attached magazine containing ten .45 caliber bullets. The allegation that he was a convicted felon derives from his December 7, 1992, guilty plea in Kansas state court to aggravated assault on a law enforcement officer, which is a felony punishable by imprisonment for a term exceeding one year. *See* Kan. Stat. Ann. § 21–3411.

Defendant contends that § 922(g)(1) is unconstitutional because it exceeds congressional power under the Commerce Clause. He also contends that he was not subject to § 922(g)(1) despite his prior state felony conviction, because his civil rights had been restored under Kansas law and a Kansas statute barring certain convicted felons from possessing firearms was not applicable to him. We review de novo the determination of the federal statute's constitutionality, *United States v. Hampshire,* 95 F.3d 999, 1001 (10th Cir. 1996), and the state statute's interpretation, *Cent. Kan. Credit Union v. Mut. Guar. Corp.,* 102 F.3d 1097, 1104 (10th Cir.1996). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

 We summarily reject Defendant's argument that § 922(g)(1) is beyond Congress's power under the Commerce Clause. We have repeatedly ruled to the contrary. *See United States v. Brown,* 314 F.3d 1216, 1220–21 (10th Cir.2003); *United States v. Bayles,* 310 F.3d 1302, 1307–08 (10th Cir.2002); *United States v. Dorris,* 236 F.3d 582, 584–86 (10th Cir.2000); *United States v. Farnsworth,* 92 F.3d 1001, 1006–07 (10th Cir.1996); *United States v. Bolton,* 68 F.3d 396, 400 (10th Cir.1995).

More novel is Defendant's claim that he was not subject to § 922(g)(1). A conviction does not trigger the prohibition of that section if the convict "has had [his] civil rights restored." 18 U.S.C. § 921(a)(20). This is determined by the law of the jurisdiction in which the conviction was obtained—here, Kansas. *See Caron v. United States,* 524 U.S. 308, 313, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). The application of that law turns on the specific facts relating to Defendant.

Defendant was sentenced to probation. Under Kansas law "[d]ispositions which do not involve commitment to the custody of the secretary of corrections and commitments which are revoked within 120 days shall not entail the loss by the defendant of any civil rights." Kan. Stat. Ann. § 21–4603(g) (1994). It is undisputed that De-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

fendant's state sentence satisfies this statute.

 Nonetheless, the restoration-of-civil-rights provision of § 921(a)(20) does not apply unless the restored civil rights include the right to possess a firearm. *See United States v. Maines,* 20 F.3d 1102, 1104 (10th Cir.1994). And Kan. Stat. Ann. § 21–4204, which specifically addresses the right of convicts to possess firearms, has denied that right to Defendant. As the district court recognized, a specific statute denying the right to possess a gun "requires the conviction to be counted under § 921(a)(20)" in spite of a general provision saying that no civil rights are forfeited. Memorandum and Order (9/11/03) at 4 (Dist.Ct.Order). Defendant does not challenge that general proposition on appeal.

What Defendant does dispute is the coverage of § 21–4204. The statutory language was amended from time to time between 1992 (when Defendant pleaded guilty in state court) and 2000 (when he allegedly committed the offense on appeal). In our view, a view that seems to be shared by Defendant, the amendments are immaterial to the issue before us. Accordingly, we need not consider which particular version or versions of the statute govern this case. We address only the 1993 version, which Defendant quotes in his brief, apparently believing that version to be at least as favorable to his case as any other version.

The 1993 version states:

(a) Criminal possession of a firearm is:

(3) possession of any firearm by any person who, within the preceding 10 years, has been convicted of a crime to which this subsection applies, has been released from imprisonment for such a crime, or was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commis-

sion of a felony, and has not had the conviction of such crime expunged or been pardoned for such crime; . . . .

(b) Subsection (a)(3) shall apply to a felony under K.S.A . . . . 21–3411 [aggravated assault on a law enforcement officer] . . . or a crime under a law of another jurisdiction which is substantially the same as such felony.

Kan. Stat. Ann. § 21–4204 (1993). Defendant argues that this statute is ambiguous and that we therefore must apply the rule of lenity, which requires courts to interpret ambiguous statutes in favor of one facing criminal punishment. *See Huddleston v. United States,* 415 U.S. 814, 830–31, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974). According to Defendant, we should read § 21–4204 as applying only to a person who within the past 10 years either (1) has been convicted *and* has been released from imprisonment *or* (2) has been adjudicated as a juvenile offender. Under defendant's reading, the statute would not apply to him because, never having been imprisoned, he had not been "released from imprisonment" within the 10 years preceding his possession of ammunition on April 14, 2000.

 We disagree. The statute is unambiguous. The relationship between its three clauses is determined by the use of the word *or*—any one of (1) conviction, (2) release, or (3) juvenile adjudication brings a person within the potential reach of the statute. Because Defendant had been convicted less than 10 years before being found with the ammunition, he was barred from possessing firearms regardless of when (or whether) he had been released from custody. Although the district court noted that "the multitude of amendments made to K.S.A. § 21–4204 in recent years makes this section difficult to read, let alone to interpret," it concluded that "[t]he plain import of the language and structure

1294

of this provision is that a conviction for a covered crime *or* release from imprisonment for such a crime is sufficient (absent an expungement or pardon) to trigger the ten year prohibition on possessing a firearm." Dist. Ct. Order at 5–6. We agree with the conclusion. The structure of the provision is the same in all versions of the statute in force between 1992 and 2000. The statute being unambiguous, the rule of lenity is not applicable. *See Beecham v. United States,* 511 U.S. 368, 374, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994).

We AFFIRM the judgment below.