**F I L E D**

PUBLISH

**October 13, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRENCE T. JONES,

Defendant - Appellant.

No. 03-3377

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 03-CR-10099-WEB)**

Submitted on the briefs[*]:

Timothy J. Henry, Assistant Federal Public Defender, Wichita Kansas, for Defendant - Appellant.

Eric F. Melgren, United States Attorney, and Brent I. Anderson, Assistant United States Attorney, Wichita, Kansas, for Plaintiff - Appellee.

Before **McKAY**, **BRISCOE** and **HARTZ**, Circuit Judges.

**HARTZ**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Terrence T. Jones was convicted of violating 18 U.S.C. § 922(g)(1), which makes it unlawful for a convicted felon to possess ammunition. In a prior opinion this court upheld Mr. Jones's conviction, holding (1) that § 922(g)(1) is not beyond Congress's power under the Commerce Clause and (2) that Kansas law prohibits possession of a firearm by felons within 10 years of their conviction, release, *or* juvenile adjudication, and that the restoration-of-civil-rights provision of 18 U.S.C. § 921(a)(20) does not apply unless the restored civil rights specifically include the right to possess a firearm. *United States v. Jones*, 390 F.3d 1291 (10th Cir. 2004). Mr. Jones then filed a timely petition for writ of certiorari with the Supreme Court of the United States. After the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), it granted the writ and remanded to this court for further consideration. *Jones v. United States*, 125 S. Ct. 1878 (2005). We now reinstate our previous opinion and affirm Mr. Jones's sentence.

This case involves what this court has identified as nonconstitutional *Booker* error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005). That is, the district court's only error was in "applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the

defendant, found by the jury, or based upon the fact of a prior conviction." *Id.* at 731-32. Mr. Jones did not raise this error below, so we review only for plain error. *Id.* at 732.

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* Nonconstitutional error calls for a more rigid application of the plain-error test. *United States v. Dazey*, 403 F.3d. 1147, 1174 (10th Cir. 2005) ("We conduct this analysis less rigidly when reviewing a potential constitutional error." (internal quotation marks omitted)).

The first two prongs of the plain-error test are satisfied when the sentencing judge applied the Guidelines in a mandatory fashion. *Id.* Mandatory application was error because the Guidelines are now merely advisory, and that error is plain because *Booker* tells us so. *Id.* The defendant's burden on the third prong is to show that the error affected the outcome of the proceeding. *Id.* In cases of nonconstitutional error this can be done only by "demonstrating a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the Guidelines range." *Dazey*, 403 F.3d at 1175 (footnote omitted); *see also United States v. Clifton*, 406 F.3d 1173, 1181 (10th Cir. 2005) ("[A] defendant can show a non-constitutional *Booker* error

affected substantial rights with evidence of (1) a disconnect between the § 3553(a) factors and his sentence, and (2) the district court's expressed dissatisfaction with the mandatory Guidelines sentence in his case.").

Whether the district judge would have imposed a sentence lower than the Guidelines range is also a key consideration under the fourth prong of the plain-error test. *United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005) ("Whether the district court would simply reimpose the same sentence on remand, or whether instead the sentence would likely change to a significant degree if the case were returned to the district court for resentencing, is one factor to consider in determining whether the defendant can satisfy the fourth plain-error prong." (internal quotation marks and brackets omitted)).  The fourth prong of the plain-error test places an exceptionally high burden on the defendant.  *Dazey*, 403 F.3d at 1178 (defendant must make an "exceptional showing" before nonconstitutional error case will be remanded).  "In an instance of non-constitutional error the standard for satisfying the fourth prong of the plain error test is demanding.  A party that fails to raise an argument in the district court must show that allowing a non-constitutional error to stand would be particularly egregious and would constitute a miscarriage of justice." *Id.* (internal quotation marks and citation omitted).  Because the fourth prong imposes such a high burden, these cases are often resolved on the basis of the fourth prong rather than the third.  *Gonzalez-*

*Huerta*, 403 F.3d at 736 ("We need not determine whether Mr. Gonzalez-Huerta can satisfy this burden because even if he were to meet the third prong, he must also satisfy the fourth prong to obtain relief.").

Mr. Jones has not met the "demanding standard" imposed by the fourth prong. *Id*. at 737. Nothing in the record suggests that were this court to remand, the district judge would not simply reimpose the same sentence, nor does anything in the record suggest any unfairness in the sentencing. Mr. Jones made no objection at sentencing to the presentence report, he disputed no facts, he presented no mitigating evidence, and he did not argue for a downward departure. His only request, which the district judge granted, was that his sentence run concurrently with the remaining two months of a state sentence he was serving. Moreover, rather than expressing dissatisfaction with the Guidelines sentence, the district judge expressly stated that he had "considered the nature of the circumstances of this offense as well as the personal characteristics of the defendant" and believed the sentence "will achieve a reasonable punishment for the offense committed as well as provide for other purposes of sentencing as established by statute." Aplt. Supp. Br. App. C at 4. In other words, the district judge considered the same factors he would be called upon to reconsider were this case remanded. Mandatory treatment of the Guidelines in this case did not

seriously affect the fairness, integrity, or public reputation of judicial proceedings.

We REINSTATE our previous opinion in this matter and AFFIRM the sentence of the district court.