**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JERON R. CLARK,

     Defendant - Appellant.

No. 05-6028
(D.C. No. CR-04-154-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Defendant-Appellant Jeron Clark appeals his sentence, arguing that it

violates the principles announced in United States v. Booker, 543 U.S. 220

(2005).  We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# BACKGROUND

On July 6, 2004, Clark, aided by an accomplice, robbed the Oklahoma Educator's Credit Union. His accomplice, who was driving the getaway car, was apprehended immediately. Clark was arrested at his home the next day.

Clark was charged in a two-count indictment with conspiracy to rob a federally insured credit union, in violation of 18 U.S.C. § 371, and with robbery of the credit union while brandishing a dangerous weapon, in violation of 18 U.S.C. § 2113(a). After reaching a plea agreement with the Government, Clark entered a plea of guilty to the robbery count. He specifically admitted to taking, by force, more than $10,000 from the Oklahoma Educators Credit Union, and to possessing and brandishing a gun.

Clark's presentence report recommended a base offense level of 20, pursuant to § 2B3.1(a) of the United States Sentencing Guidelines ("U.S.S.G."). The report further recommended three sentence enhancements: a two-level enhancement pursuant to § 2B3.1(b)(1) because the property of a "financial institutional" was taken; a three-level enhancement pursuant to § 2B3.1(b)(2)(E) because a dangerous weapon was brandished; and a one-level enhancement pursuant to § 2B3.1(b)(7)(B) because more than $10,000 was taken. The report also recommended a total downward adjustment of three levels for acceptance of

responsibility pursuant to § 3E1.1(a) and (b). With the resulting offense level of 23 and a criminal history category of IV, the guideline range for imprisonment was 70 to 87 months. Clark did not object to the presentence report.

At sentencing, the district court adopted the factual findings made in the presentence report. The court then sentenced Clark to 70 months' imprisonment. In doing so, the court stated that

> certainly the offense conduct in this case is serious. It is one that merits significant punishment, but the guideline range, of course, does constitute significant punishment whether it's at the bottom or the top. You have some criminal history which has certainly contributed to raising that range. . . . I find, balancing all of these issues and given your criminal history, that a sentence at the bottom of the guidelines range is sufficient in this case.

Clark appeals, arguing that this sentence violates the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005).

## DISCUSSION

Clark claims that the district court committed constitutional Booker error when it enhanced his sentence based on a factual finding that the Oklahoma Educator's Credit Union, which Clark admitted to robbing, was a "financial institution." Constitutional error occurs when the court "rel[ies] upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily." United States v. Lauder, 409 F.3d 1254, 1267 (10th Cir. 2005). Clark concedes that he did not raise a Booker argument in the district

court; we thus review for plain error.  See, e.g., United States v. Contreras-Martinez, 409 F.3d 1236, 1242 (10th Cir. 2005).

"Plain error occurs when there is (1) error, (2) that is plain, (3) which affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Jones, 425 F.3d 1274, 1276 (10th Cir. 2005).  As Booker error clearly satisfies the first two prongs, see United States v. Clifton, 406 F.3d 1173, 1181 (10th Cir. 2005), our analysis focuses on whether any error in this case affected Clark's substantial rights and seriously affected the fairness of the proceedings.

Assuming that constitutional error occurred,[1] Clark cannot demonstrate that the error affected his substantial rights.  See United States v. Dazey, 403 F.3d 1147, 1175 (10th Cir. 2005).  There is nothing to suggest that the credit union was

---

[1]Constitutional error occurs only when a fact used to enhance a sentence is found by a judge rather than found by a jury or admitted by a defendant.  See United States v. Gonzalez-Huerta, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). In pleading guilty, Clark admitted to robbing the Oklahoma Educator's Credit Union.  It is not clear whether the district court's finding—that the credit union was a financial institution—was a finding of fact or a legal conclusion based on a fact admitted by the defendant (i.e., that a credit union is, as a matter of law, a financial institution).  Cf. United States v. Moore, 401 F.3d 1220, 1224-25 (10th Cir. 2005) (determination of whether prior conviction is a "violent felony," which requires only looking to the statutory definition of the prior offense, "is a question of law and not fact, [thus] the Sixth Amendment does not require that determination to be made by a jury.")  If it was a legal conclusion, then no constitutional Booker error occurred.  However, we do not reach this question, because even assuming constitutional error occurred, it was not plain error.

not a financial institution; thus Clark cannot "show[] a reasonable probability that a jury applying a reasonable doubt standard would not have found the same material facts that a judge found by a preponderance of the evidence." Id. Further, because the district court found Clark's sentence "sufficient" and did not in any way suggest that his "conduct . . . did not warrant the minimum Guidelines sentence," he cannot demonstrate a reasonable probability that "the district court judge would reasonably impose a sentence outside the Guidelines range." Id. As Clark cannot "show a 'reasonable probability' that the defects in his sentencing altered the result of the proceedings," id., any Booker error that occurred was not plain error. We need not address the fourth prong.

Clark also argues the sentencing court engaged in "double counting" by enhancing his sentence for taking property of a financial institution when his base offense was bank robbery. However, § 2B3.1's base offense is simply robbery, not bank robbery. Thus, the fact that a financial institution was involved was irrelevant for the base offense and only relevant for the enhancement. Accordingly, no double counting was involved.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

David M. Ebel

Circuit Judge