812 P.2d 794

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Leonard CALVILLO, Defendant–Appellee.**

**No. 12805.**

Court of Appeals of New Mexico.

April 11, 1991.

Certiorari Denied
May 29, 1991.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, and Sheila Lewis, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

APODACA, Judge.

The state appeals the trial court's order dismissing its supplemental information. The issue presented by this appeal is whether the state may "split" a judgment and sentence containing two convictions, and use one conviction to prove the underlying felony for a charge of felon in possession of a firearm, and the other to enhance defendant's sentence under the habitual offender statute. Our first and second calendar notices proposed summary reversal. Defendant has filed a memorandum in opposition to the second calendar notice. Not persuaded by the memorandum, we reverse.

## BACKGROUND

Defendant was convicted of burglary and battery on a peace officer on October 27, 1986. The crimes occurred on different dates, but were disposed of at the same guilty plea proceeding in the same judgment and sentence. On December 5, 1990, defendant was convicted of the crime of felon in possession of a firearm. *See* NMSA 1978, § 30–7–16 (Cum.Supp.1990). At the trial on the felon in possession charge, the parties stipulated that defendant had been convicted of burglary on October 27, 1986. No mention was made of the conviction for battery on a peace officer. After obtaining the conviction on the felon in possession charge, the state filed a supplemental information based on the October 1986 conviction for battery on a peace officer. The trial court dismissed the supplemental information, based on its understanding of *State v. Haddenham,* 110 N.M. 149, 793 P.2d 279 (Ct.App.1990).

## DISCUSSION

Defendant argues that *Haddenham* and *State v. Linam,* 93 N.M. 307, 600 P.2d 253, *cert. denied,* 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979), read together, support the trial court's decision. He contends that, since the two enhancement statutes serve the single purpose of deterring recidivism, the *Linam* sequence requirement applies to both. In *Linam,* the state evidently sought to treat multiple convictions arising out of the same judgment and sentence as multiple prior felonies for purposes of enhancement under the habitual offender statute, NMSA 1978, Section 31–18–17 (Repl.Pamp.1990). Our supreme court held this was impermissible, citing the deterrent purpose of the statute. In *Haddenham,* this court held that a trial court could not sentence a defendant as an habitual offender when the same felony was relied on to convict him of the underlying offense of being a felon in possession of a firearm.

We do not believe this case presents the sequence problem discussed in *Linam.* As observed in *Linam,* for a sentence to be enhanced under the general habitual offender statute, there must have been a prior conviction preceding the commission of the offense for which an enhanced sentence is sought. Here, the question is not whether the two prior convictions obtained in the same judgment and sentence may be

counted as two felonies for purposes of enhancement under Section 31–18–17. Rather, the question is whether one may be used to enhance under the general habitual offender statute, while the other may be used to prove the underlying felony for the felon in possession charge. *Linam* did not address this issue. Defendant's prior convictions for burglary and battery on a peace officer are separate convictions. There is no "double use" problem, as there was in *Haddenham,* since different felony convictions arising out of different factual scenarios and different dates were relied on to prove the underlying felony for the felon in possession charge and to enhance defendant's sentence as an habitual offender. *See also Bigelow v. United States,* 498 A.2d 210, 215 n. 5 (D.C.App.1985).

Defendant argues that, when an accused is charged as a felon in possession, there can be no deterrent effect to an habitual enhancement if the basis for each enhancement arises out of a single plea and disposition agreement. Thus, he maintains the *Linam* sequence requirement applies to both enhancement statutes. In *Haddenham,* we noted that the felon in possession statute, Section 30–7–16, and the general habitual offender statute, Section 31–18–17, have the common purpose of deterring "criminal conduct by placing convicted felons on notice that they will be subjected to enhanced sentences for the commission of subsequent offenses." *Id.,* 110 N.M. at 152, 793 P.2d at 282. However, we also stated that "[t]he felon in possession statute provides for an enhanced punishment *in order to keep firearms out of the hands of persons previously convicted* and to deter recidivism." *Id.* (emphasis added).

Defendant correctly points out that the felon in possession statute punishes him for his status as a felon. Absent the prior felony convictions, he argues he would have the constitutional right to bear arms. N.M. Const. art. II, § 6. Similarly, the enhanced penalties in the habitual offender act punish the same status. He maintains there is nothing in the two statutes indicating the legislature intended to punish an individual twice for the status of being a felon using a single judgment and sen-

tence. *See State v. Keith,* 102 N.M. 462, 697 P.2d 145 (Ct.App.1985) (statutes authorizing enhanced punishments are highly penal and must be strictly construed). Notwithstanding the common purposes of Sections 31–18–17 and 30–7–16, the felon in possession statute was enacted for an additional purpose. In enacting Section 30–7–16, the legislature intended to protect society by prohibiting the possession of firearms by felons. We cannot agree with defendant that the sole purpose of both statutes is to punish prior felony status.

Given the additional purpose of the felon in possession statute, we see nothing preventing the state from using one prior felony to enhance under Section 30–7–16, and the other to enhance under Section 31–18–17, even if the felonies were obtained in the same judgment and sentence. Additionally, we discern no legislative intent to preclude the state from the separate uses of the separate convictions although joined in a single judgment. Both convictions may be held *in terrorem* over the criminal for the separate and distinct purposes of deterring recidivism and keeping firearms out of the hands of convicted felons. Nor cannot it be argued that double jeopardy poses a bar to "splitting" the judgment and sentence, since different felonies are being used to enhance under each statute. *Cf. State v. Haddenham; State v. Keith* (double use of same felony prohibited absent contrary legislative intent).

CONCLUSION

We conclude that the state was not prevented from using distinct felonies obtained in the same judgment and sentence for the separate purposes of enhancement under the felon in possession statute and the general habitual offender statute. The trial court's order dismissing the supplemental information is reversed. This matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DONNELLY and HARTZ, JJ., concur.