891 P.2d 572

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Darryl DUNSMORE, Defendant–Appellant.**

**No. 15681.**

Court of Appeals of New Mexico.

Feb. 7, 1995.

Tom Udall, Atty. Gen., M. Anne Wood, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Ron Koch, Albuquerque, for defendant-appellant.

## OPINION

PICKARD, Judge.

■ Defendant appeals his conviction for the crime of felon transporting a firearm contrary to NMSA 1978, Section 30–7–16(A) (Repl.Pamp.1994), and his sentence as a habitual offender with two prior felonies. Defendant contends that his conviction should be reversed because there was insufficient evidence of criminal intent and that his sentence should be reversed because one of the prior felonies had already been used to prove that he was a felon for purposes of the principal crime. Other issues raised in the docketing statement but not briefed are deemed abandoned. *State v. Chavez*, 116 N.M. 807, 809, 867 P.2d 1189, 1191 (Ct.App. 1993), *cert. denied*, 116 N.M. 801, 867 P.2d 1183, *and cert. denied*, —— U.S. ——, 114 S.Ct. 2754, 129 L.Ed.2d 870 (1994). In addition, we do not discuss a third issue raised in Defendant's brief, alleging that error was committed in utilizing yet another prior conviction, because that prior conviction was not in fact utilized to enhance the sentence. We affirm.

Defendant was convicted of violating Section 30–7–16(A), which provides, "It is unlawful for a felon to receive, transport or possess any firearm or destructive device in this

state." The factual basis for the conviction was that Defendant was subject to a lawful stop of the vehicle he was driving. When asked whether there were any weapons in the vehicle, Defendant answered that his passenger had one behind the seat. The officer retrieved the gun from behind the seat after the passenger told him that the passenger had borrowed the gun from a friend. A check on the gun revealed that it was stolen.

After removing himself from the presence of his passenger, Defendant confided in one of the officers who was investigating the case that Defendant was working as a confidential informant for a detective in Albuquerque. The detective in Albuquerque acknowledged that Defendant had worked for him in the past, but denied that Defendant was working for him at the time of these events. It was undisputed that Defendant had prior convictions, and we will discuss them in further detail when we address Defendant's second issue.

■ Defendant's first contention is that he could not be convicted for the crime of felon transporting a firearm in the absence of evidence that he possessed or owned the firearm or that he intended to violate the law by his actions. We disagree.

■ The statute prohibits receiving, transporting, or possessing any firearm. The use of the disjunctive "or" indicates that the statute may be violated by any of the enumerated methods. *See State v. Harris*, 101 N.M. 12, 19, 677 P.2d 625, 632 (Ct.App. 1984). A statute should be construed so that no part of it is rendered surplusage or superfluous. *Katz v. New Mexico Dep't of Human Servs.*, 95 N.M. 530, 534, 624 P.2d 39, 43 (1981). Although a court may add words to or eliminate them from statutes to carry out a legislative intent or to express the clearly manifested meaning of the statute, *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 352, 871 P.2d 1352, 1358 (1994), we should neither eliminate the transportation alternative nor require possession or ownership in addition to transportation when construing this particular statute. The purpose of the possession alternative of the statute is to keep firearms out of the hands of persons previously convicted and to deter recidivism.

*State v. Haddenham*, 110 N.M. 149, 152, 793 P.2d 279, 282 (Ct.App.), *cert. denied*, 110 N.M. 72, 792 P.2d 49, *and cert. denied*, 110 N.M. 183, 793 P.2d 865 (1990). The purpose of deterring crimes by persons previously convicted would be equally served by prohibiting such persons from transporting weapons. Accordingly, we give the statute its plain meaning.

■ Nor does the statute require a finding that Defendant intended to violate the law before there can be a conviction. We rejected exactly such a contention in *Haddenham*, 110 N.M. at 155–56, 793 P.2d at 285–86. Defendant contends that we should revisit *Haddenham* in light of the Supreme Court opinion in *State v. Bunce*, 116 N.M. 284, 861 P.2d 965 (1993). The Court in *Bunce* followed *State v. Green*, 116 N.M. 273, 861 P.2d 954 (1993), which in turn held that the uniform jury instructions for embezzlement were inadequate because they did not instruct on fraudulent intent, which the statute expressly required. *Id.* at 275–79, 861 P.2d at 956–60.

The *Green/Bunce* line of cases does not apply to the statute at issue here because embezzlement is a specific-intent crime in which the intent to deprive the owner of property must be a fraudulent intent. *See id.* at 275, 861 P.2d at 956. In contrast, the statute at issue here is a general-intent crime. *See State v. Bender*, 91 N.M. 670, 671, 579 P.2d 796, 797 (1978) (distinguishing between general and specific intent crimes); *see also* Mark B. Thompson III, *The Lazy Lawyer's Guide to Criminal Intent in New Mexico*, Judicial Pamp. 14 addendum 1 at 332 (Recomp.1986). According to the language of the statute, to be guilty of the offense of felon in possession, a defendant must simply transport the firearm and be a felon. The general intent jury instruction, SCRA 1986, 14–141, requires only that the jury find the defendant intentionally committed the acts that the statute declares unlawful. In the context of a statute similar to Section 30–7–16(A), we held that no more was required. *See State v. Powell*, 115 N.M. 188, 190–92, 848 P.2d 1115, 1117–19 (Ct.App. 1993).

Defendant's reliance on cases from other jurisdictions based on statutes different from our own is not persuasive because the language of the statutes in those jurisdictions is markedly different. *See El Centro Villa Nursing Ctr. v. Taxation & Revenue Dep't*, 108 N.M. 795, 797–98, 779 P.2d 982, 984–85 (Ct.App.1989) (reliance on law from other jurisdictions is misplaced when those jurisdictions are governed by different statutes). Similarly unpersuasive is Defendant's argument that interpreting the transportation alternative of our statute in accordance with its plain meaning would be unconstitutional or contrary to the legislative intent. Defendant argues that such an interpretation would prohibit a felon from accompanying friends on a hunting expedition or from working in an undercover capacity, as Defendant contends he was doing in this case. We see nothing unconstitutional or contrary to the legislative intent in our holding. Defendant was not merely accompanying his friend here. He was transporting his friend and what his friend alleged to be his gun, but which was actually stolen, in Defendant's vehicle. We believe that the legislature wanted to keep felons away from guns to the extent that their possession of guns or transporting of guns might contribute to recidivism. The legislature may make unlawful conduct that is otherwise lawful by prohibiting anyone from engaging in such conduct in certain places, *e.g., Powell* (carrying a firearm into a licensed liquor establishment), or by prohibiting certain people from engaging in such conduct at any time, *see, e.g., Haddenham* (felon in possession of a firearm). Accordingly, we reject Defendant's first contention.

Defendant next argues that he may not be sentenced as a second-time habitual offender because the State cannot make double use of the same conviction. Again, we disagree.

In *Haddenham*, we held that it would be a violation of double jeopardy for the State to rely on the same felony both to prove the crime of felon in possession and to enhance the sentence. *Haddenham*, 110 N.M. at 152–54, 793 P.2d at 282–84. In this case, Defendant had four prior offenses, but because some charges were joined, there were only two dispositions. On July 15, 1986, Defendant was convicted of both a burglary committed on April 5, 1986, and a burglary committed on April 27, 1986. On February 24, 1987, Defendant was convicted of an escape committed on December 13, 1986, and an auto theft committed on December 19, 1986. Because of the commission-conviction sequence, these four felonies could result in sentence enhancement on the basis of only two prior felonies, *State v. Linam*, 93 N.M. 307, 309–10, 600 P.2d 253, 255–56, *cert. denied*, 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979), and that is all the State sought.

Defendant, however, contends that the California burglaries could not be used to enhance the sentence because they were relied upon to prove the underlying offense of felon transporting a firearm. The State urges us to apply *State v. Calvillo*, 112 N.M. 140, 141–42, 812 P.2d 794, 795–96 (Ct.App.), *cert. denied*, 112 N.M. 77, 811 P.2d 575 (1991), in which we held that the State could "split" a judgment containing two convictions and use one to prove the felon element and the other to enhance the sentence. Defendant argues that, because the State did not specify which burglary conviction it was relying upon to prove the felon element, neither is available for habitual enhancement. The jury instructions given required only that the jury find that "[t]he Defendant was previously convicted of the crime of burglary, a felony occurring in the state of California."

We have previously held that, where a defendant's double jeopardy rights are involved and where neither the jury instructions nor any special verdict forms allow us to know with certainty the basis for conviction, the result is that any conviction or sentence that might be in violation of the defendant's double jeopardy rights must be set aside. *See State v. Rodriguez*, 113 N.M. 767, 772, 833 P.2d 244, 249 (Ct.App.), *cert. denied*, 113 N.M. 636, 830 P.2d 553 (1992). In this case, however, it does not matter that the State did not specify which felony it was relying on to prove the principal crime. The trial court found, based upon Defendant's admission during the habitual proceedings,

that Defendant was previously convicted of both California burglaries. Thus, we can be assured that, whichever felony the jury relied on, there was an additional one available for sentence enhancement. If the jury relied on both, there is still no double jeopardy problem because *Calvillo* holds that the State may use one felony to convict and the other to enhance the sentence. *Calvillo*, 112 N.M. at 141–42, 812 P.2d at 795–96.

Defendant's conviction and sentence are affirmed.

IT IS SO ORDERED.

BLACK and WECHSLER, JJ., concur.