This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                    **NO.  29,948**

**PAUL SALAS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Don Maddox, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

Defendant appeals from a third amended judgment and sentence. We issued a

calendar notice proposing summary dismissal. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded that the district court erred, we affirm.

Defendant raised eight issues in his docketing statement. In his memorandum in opposition, Defendant only renews one issue: whether the district court illegally sentenced Defendant by improperly using one of Defendant's prior convictions to both enhance his sentence under the habitual offender statute and under the felon in possession statute. [MIO 3] As a result, all of the other issues have been abandoned. *See State v. Martinez*, 97 N.M. 585, 642 P.2d 188 (Ct. App.1982) (holding that issues that are not renewed in a memorandum in opposition are deemed abandoned). Defendant raises this issue pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985).

We affirm. As we stated in our notice of proposed summary disposition, there is no indication in the record that the district court used the same prior conviction to enhance Defendant's sentence under the habitual offender statute and the felon in possession statute. Rather, the record indicates that Defendant had prior convictions in SF-85-26(CR) and SF-85-28(CR) for armed robbery and in CR-99-00037 for

possession of methamphetamine. [RP 561] The conviction in SF-85-26 (CR) could be used to support the conviction for possession of a firearm by a felon, and the convictions in SF-85-28(CR) and CR-99-00037, could by used to establish that Defendant had two prior convictions under the habitual offender statute. *See State v. Calvillo*, 112 N.M. 140, 142, 812 P.2d 794, 796 (Ct. App. 1991) (stating that the State is not prevented from using distinct felonies obtained in the same judgment and sentence for the separate purposes of enhancement under the felon in possession statute and the general habitual offender statute). Nothing in Defendant's memorandum in opposition persuades us that our initial proposed disposition of this issue is incorrect.

For these reasons, we affirm the district court.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**ROBERT E. ROBLES, Judge**

3

_____

**LINDA M. VANZI, Judge**