Certiorari Denied, June 25, 2010, No. 32,426

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-071**

**Filing Date:  May 7, 2010**

**Docket No. 28,763**

**STATE OF NEW MEXICO,**

        **Plaintiff-Appellee,**

**v.**

**JAMES MAY,**

        **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**OPINION**

**KENNEDY, Judge.**

**{1}**     In this case, we consider whether the district court properly enhanced the sentence of Defendant James May.  In 2007, Defendant was found guilty of several crimes, including Possession of a Firearm by a Felon in violation of NMSA 1978, Section 30-7-16 (2001).  At sentencing, the district court enhanced his sentence by four years under the habitual offender

1

statute. NMSA 1978, § 31-18-17(B) (2003). In doing so, the district court cited two 1991 federal felony convictions (the 1991 convictions) for Possession with Intent to Distribute Less Than 5 Grams of Methamphetamine in violation of 21 U.S.C. Section 841 (1991) (current version 2009) and Carrying a Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. Section 924(c)(1) (1990) (current version 2006); the district court also cited another 2005 state felony conviction with which we are not concerned in this case.

**{2}** Defendant interprets the federal conviction for violation of Section 924(c)(1) as an enhancement of Section 841 and not as a separate felony. As such, he argues that this *single* felony was improperly used twice: once to form the basis for his felon in possession of a firearm conviction, and again to support his enhancement as a habitual offender. *See State v. Haddenham*, 110 N.M. 149, 153-54, 793 P.2d 279, 283-84 (Ct. App. 1990) (holding that a single prior felony conviction may not be used to fulfill both a predicate felony and constitute an enhancement under the habitual offender statute).

**{3}** Our review of federal case law leads us to conclude that Section 924(c)(1) constitutes a separate felony offense for which a defendant may be convicted independently of Section 841. Accordingly, we affirm the district court's enhancement of Defendant's sentence.

**FACTS AND PROCEDURAL HISTORY**

**{4}** On May 16, 2007, Defendant was charged under a criminal information alleging four counts: the felony charge of Possession of a Firearm by a Felon and three misdemeanor offenses. After Defendant entered a guilty plea to the charges, the State filed a supplemental criminal information alleging he should be sentenced as a habitual offender under Section 31-18-17 and enhanced by an additional four years. The State's pleading alerted the district court to the following convictions at issue here:

> On September 6, 1991, in Cause No. 91-223JB-01, in the United States District Court for the District of New Mexico, . . . Defendant was convicted of the felony crimes of Possession with intent to Distribute less than 5 grams of Methamphetamine, and Carrying a Firearm During a Drug Trafficking Crime.

Defendant objected to the four-year enhancement as improper and requested a status conference. The district court was not persuaded. In its Amended Judgment and Sentence, it concluded that because Defendant's 1991 federal convictions involved two separate felonies, he had been convicted on three occasions before, and his sentence should be enhanced by four years. Accordingly, because the habitual offender statute allows a four-year enhancement based upon two prior felonies from "separate transactions or occurrences," it appears that the district court used one 1991 conviction to form the predicate felony for the felon in possession charge and the other, along with the undisputed 2005 conviction, to form the basis for enhancement under the habitual offender statute. Section 31-18-17(B).

**{5}** In this appeal, Defendant reasserts his objection and argues he was illegally

2

sentenced for two reasons. First, he argues that because Section 924(c)(1) was an enhancement and not a separate felony it was improperly used to support both his conviction for felon in possession and enhancement under Section 31-18-17(B). Second, he argues that Section 924(c)(1) does not constitute a "prior felony conviction" under the habitual offender statute because it is not a felony in the State of New Mexico under Section 31-18-17(D).

{6}     The parties dispute whether Defendant properly preserved his arguments, but because Defendant argues his sentence was illegal and violates double jeopardy, preservation is irrelevant. This Court may consider illegal sentences and double jeopardy violations for the first time on appeal. *State v. Shay*, 2004-NMCA-077, ¶ 6, 136 N.M. 8, 94 P.3d 8 (a defendant may always challenge an illegal sentence for the first time on appeal); *State v. Harris*, 101 N.M. 12, 14-15, 677 P.2d 625, 627-28 (Ct. App. 1984) ("A sentence that is not authorized is an illegal sentence."). Because the analysis we engage in today involves purely legal questions, our review is de novo. *See State v. Stanford*, 2004-NMCA-071, ¶ 4, 136 N.M. 14, 94 P.3d 14; *see State v. Jensen*, 1998-NMCA-034, ¶ 6, 124 N.M. 726, 955 P.2d 195 (filed 1997) (the legality of a sentence may be considered for the first time on appeal because it implicates a jurisdictional issue); *see also State v. Martinez*, 2007-NMCA-160, ¶ 5, 143 N.M. 96, 173 P.3d 18 (double jeopardy arguments may be raised for the first time on appeal).

**NMSA 1978, Section 31-18-17**

{7}     Under New Mexico's habitual offender statute, the court may enhance a Defendant's sentence by four additional years if it finds he has "incurred two prior felony convictions that were parts of separate transactions or occurrences." Section 31-18-17(B). A "prior felony conviction" is defined as either "a prior felony committed within New Mexico," Section 31-18-17(D)(1), or a felony in which

(a)     the conviction was rendered by the court of another state, a United States, a territory of the United States or the commonwealth of Puerto Rico;

(b)     the offense was punishable, at the time of conviction, by death or a maximum term of imprisonment of more than one year; *or*

(c)     the offense would have been classified as a felony in this state at the time of conviction.

Section 31-18-17(D)(2)(a)-(c) (emphasis added). In *Harris*, this Court concluded that the habitual offender statute is satisfied when the State proves both Subsection (a) and *either* Subsection (b) or (c). *Harris*, 101 N.M. at 19, 677 P.2d at 632. Thus, the operation of Section 31-18-17(D)(2) requires only two elements.

{8}     It is also well established in this that the state may not use the same prior felony conviction twice in the context of the same sentencing. For example, the state is forbidden from using a single conviction, once to fulfill an essential element of a crime, and then again

3

to enhance a defendant's sentence under the habitual offender statute. *Id.* Such duplication offends double jeopardy unless the Legislature has clearly expressed its intent otherwise. *See Haddenham*, 110 N.M. at 151-52, 154, 793 P.2d at 281-82, 284. It is true that the state may split *two* crimes committed on the same date and use each for a different purpose, but each must be "a separate and distinct crime with different elements." *State v. Hubbard*, 113 N.M. 538, 542, 828 P.2d 971, 975 (Ct. App. 1992); *see State v. Calvillo*, 112 N.M. 140, 142, 812 P.2d 794, 796 (Ct. App. 1991) (holding that double jeopardy does not prohibit a court from using two convictions to enhance under two separate statutes as long as the predicate crimes are separate incidents of criminal conduct; it does not matter that both arose from the same judgment and sentence). Factually, this is the situation presented in this case and, as a result, we reject Defendant's argument.

**18 U.S.C. Section 924(c)(1)**

**{9}** Section 924(c)(1) is a commonly-charged federal statute that proscribes the use of firearms during drug trafficking and violent crimes. The version in effect at the time Defendant was convicted provides:

> Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun or semi-automatic assault weapon to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

*Id.* (footnote omitted). The dispute between Defendant and the State over this provision is understandable. At first blush, the language of Section 924(c)(1) does not clearly indicate whether it denotes a separate crime or a sentence enhancement. Fortunately, it is unnecessary for us to determine its meaning for ourselves, as the legislative intent behind Section 924(c)(1) has been closely analyzed by the United States Supreme Court and various other federal courts on several occasions. These holdings unanimously conclude that Section 924(c)(1) creates a separate, distinct crime. For instance, in *United States v. Rodriguez-Moreno*, 526 U.S. 275, 276 (1999), the Supreme Court considered the question of proper venue with regard to prosecution under Section 924(c)(1). In doing so, it analyzed Section 924(c)(1) closely, variously referring to it as an "offense," a "violation," a "crime," and an act for which the defendant suffered a "conviction." *Rodriguez-Moreno*, 526 U.S. at 278-81. Indeed, that entire opinion contemplates Section 924(c)(1) as a crime in and of itself, not as an enhancement. For example:

4

> To prove the charged Section 924(c)(1) violation in this case, the Government was required to show that respondent used a firearm, that he committed all the acts necessary to be subject to punishment for kidnaping (a crime of violence) in a court of the United States, and that he used the gun "during and in relation to" the kidnaping . . . . In sum, we interpret Section 924(c)(1) to contain two distinct conduct elements—as is relevant to this case, the "using and carrying" of a gun and the commission of a kidnaping.

*Rodriguez-Moreno*, 526 U.S. at 280 (footnote omitted).  One year later, the Court again interpreted Section 924(c)(1), this time in the context of whether the words "machine gun" were intended to create a crime separate from the two basic elements of a Section 924(c)(1) offense.  *Castillo v. United States*, 530 U.S. 120, 121-22 (2000).  Like *Rodriguez-Moreno*, the entire *Castillo* opinion proceeds from the assumption that Section 924(c)(1) represents a distinct crime, one in which the state must prove that defendant (1) used a gun, and (2) used it while engaging in drug trafficking or a violent crime.  As the Court observed, "The first part of the opening sentence [of Section 924(c)(1)] clearly and indisputably establishes the elements of the basic federal offense of using or carrying a gun during and in relation to a crime of violence."  *Id.* at 124.  "[T]he use or carrying of a firearm is itself a separate substantive crime." *Id.* at 126; *see United States v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000) (analyzing Section 924(c)(1) as a separate offense for which a defendant receives a separate punishment).  As Justice Scalia has written,

> Everyone agrees that 18 U.S.C. Section 924(c)(1) describes a separate crime entitling those who are charged to the constitutional protections that accompany criminal convictions. Indeed, the undisputed fact that each of the elements of Section 924(c)(1) must be submitted to a jury and found beyond a reasonable doubt, combined with the fact that many courts were mistaken as to what those elements consisted of, has created considerable juridical chaos in recent years.

*Monge v. California*, 524 U.S. 721, 739-40 (1998) (Scalia, J., dissenting on other grounds).

**{10}**    *United States v. Smallwood*, 293 F. Supp. 2d 631 (E.D. Va. 2003), presents an illustrative factual scenario.  In that case, the defendant entered a guilty plea to drug trafficking and was later charged by the United States under Section 924(c)(1).  He argued that because of his earlier guilty plea, it was improper for him to face a subsequent Section 924(c)(1) charge.  *Smallwood*, 293 F. Supp. 2d at 643.  The district court rejected the defendant's argument.  The court found he was properly charged because the underlying drug trafficking offense was separate and distinct from the behavior proscribed by Section 924(c)(1).  In other words, the underlying drug trafficking offense simply constitutes an element of Section 924(c)(1).  "[Section] 924(c) itself," the court observed, "creates a distinct offense."  *Smallwood*,  293 F. Supp. 2d at 643.  A defendant "may be prosecuted for

5

a [Section] 924(c) violation, even though he has already been successfully prosecuted for the predicate drug offense." *Smallwood*, 293 F. Supp. 2d at 644. In fact, it makes no difference whether the drug trafficking "prosecution has already occurred, has yet to occur, or is occurring contemporaneously with the [Section] 924(c) prosecution." *Smallwood*, 293 F. Supp. 2d at 643.

**{11}** Based on the federal courts' consistent interpretation of Section 924(c)(1) as a separate crime, we reject Defendant's argument that his sentence was improperly enhanced under New Mexico's habitual offender statute. At the time of his sentencing in this case, Defendant possessed three previous felony convictions. Defendant's 1991 convictions resulted in two of these, one for using a firearm during a drug trafficking offense under Section 924(c)(1), and the other for drug trafficking under Section 841. In 2005, he was convicted of another felony offense, which is undisputed. As we stated above, in this case, it seems the district court relied on one of the 1991 convictions to meet an element of the felon in possession charge and used the remaining two felonies to enhance Defendant's sentence under the habitual offender statute. § 31-18-17(B). Such an allocation was proper. Moreover, because the 1991 convictions were separate crimes, splitting them does not violate double jeopardy as Defendant suggests. In *Hubbard*, we held that the state may split two crimes committed together as long as each is "a separate and distinct crime with different elements." 113 N.M. at 542, 828 P.2d at 975. It is true that Defendant's 1991 convictions share a common element—that of trafficking in drugs. It is also true that the same act satisfied an element in both convictions. It does not follow, however, that double jeopardy is offended. Section 924(c)(1) requires an element that Section 841 does not—the use of a firearm. We therefore hold that the two are separate and distinct under *Hubbard*.

**{12}** Finally, assuming Section 924(c)(1) is a separate felony, Defendant argues it does not constitute a "prior felony conviction" under our habitual offender statute because it would not be considered a felony in New Mexico. *See* § 31-18-17(D)(2)(c). We need not answer this question. As stated above, in order to constitute a "prior felony conviction" under our habitual offender statute, the state is required to prove only (a) that the conviction was rendered by a court of the United States and (b) that it was punishable by imprisonment of more than one year. Section 31-18-17(D)(2). In *Harris*, this Court concluded that because Subsections (b) and (c) are joined by the conjunction "or," satisfaction of either fulfills one of two essential elements. *Harris*, 101 N.M. at 19, 677 P.2d at 632. Accordingly, even if we presume without deciding that Defendant's actions under Section 924(c)(1) would not be classified as a felony in New Mexico, we would still hold that the requirements of the habitual offender statute were met. *See* § 31-18-17(D)(2). Subsection (a) was satisfied because Defendant's sentence was rendered by a court of the United States, *see* Section 31-18-17(D)(2)(a), and Subsection (b) was satisfied because Defendant's conviction under Section 924(c)(1) was punishable by a sentence of more than one year. *See Bailey v. United States*, 516 U.S. 137, 138 (1995) (observing that Section 942(c)(1) "imposes a 5-year minimum term of imprisonment upon a person who 'during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm.'") (omission in original). Thus, because the requirements of Section 31-18-17(D)(2) were met,

6

Defendant's conviction under Section 924(c)(1) was properly classified as a "prior felony conviction" under the habitual offender statute and used to enhance his sentence.

**CONCLUSION**

**{13}** For these reasons, we affirm the district court's four-year enhancement of Defendant's sentence under Section 31-18-17.

**{14}   IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. May*, Docket No. 28,763**

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-CL | Controlled Substances |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-DG | Double Jeopardy |
| CA-ES | Enhancement of Sentence |
| CA-FE | Firearm Enhancement |
| CA-HC | Habitual Criminal |