This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 34,418 Consolidated with 34,553**

**SCOTT ALLEN FOSTER,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant Scott Allen Foster appeals from his convictions after a jury trial for one count of trafficking controlled substances by distribution, and one count of conspiracy to commit trafficking controlled substances by distribution. In this Court's first calendar notice, we proposed to affirm in part and reverse in part. The State and Defendant each filed a memorandum in opposition. After considering the memoranda, we issued a second calendar notice in which we proposed to affirm. In response, Defendant filed a second memorandum in opposition, which we have duly considered. We are not persuaded by Defendant's arguments, and therefore affirm.

{2}     **Issues 1–4:** In our second calendar notice, with respect to the first issue, we proposed to hold that the facts presented by Defendant were insufficient to establish that his right to a speedy trial was violated and we stated that we were not persuaded that the district court's failure to dismiss this case on a speedy trial grounds was fundamental error. [2 CN 2–4] With respect to the second issue, we suggested that we were not persuaded that the State's late disclosure of a witness (Michael Robinson), and the late interview of another witness (Kandi Garcia), prejudiced Defendant and warrants reversal for a new trial. [2 CN 4–5] With respect to the third issue, we suggested that Defendant had not demonstrated that the district court committed fundamental error by permitting video evidence to be played before the jury without accompanying audio. [2 CN 5–7] With respect to the fourth issue, we proposed to

hold that Defendant failed to demonstrate that the district court abused its discretion in admitting Robinson's testimony or in excluding evidence regarding Garcia's alleged misconduct. [2 CN 7–9] In response, Defendant does not point to any error in fact or law with the second proposed disposition. [2 Def. MIO 1] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, he simply asserts that he stands on his previous arguments. [2 Def. MIO 1] Therefore, for the reasons detailed in our second calendar notice, we affirm as to Issues 1 through 4.

{3}     **Additional Issues:** In our first calendar notice, we noted two additional issues that were not raised by Defendant—double jeopardy and an illegal sentence, both of which may be raised for the first time on appeal, sua sponte by this Court. [1 CN 5–7; *see also* 2 CN 9] *See State v. May*, 2010-NMCA-071, ¶ 6, 148 N.M. 854, 242 P.3d 421 (providing that this Court may consider double jeopardy violations and illegal sentences for the first time on appeal).

{4}     **Double Jeopardy:** Based on the information that we had at the time, we proposed to reverse Defendant's conviction for conspiracy on double jeopardy grounds in our first calendar notice. [1 CN 5] *See State v. Silvas*, 2015-NMSC-006, ¶¶ 1, 8-29, 343 P.3d 616 (holding that double jeopardy precludes trafficking and

conspiracy to commit trafficking convictions for a single act). After considering the additional facts provided in the State's memorandum in opposition, we proposed to hold that there was not a double jeopardy violation in this case, and we proposed to affirm Defendant's convictions for trafficking and conspiracy to commit trafficking. [2 CN 9–11] In response to this Court's second calendar notice, Defendant asserts that he stands on his previous arguments. [2 Def. MIO 1] He does not point to any error in fact or law with the second proposed disposition as to this issue. *See Hennessy*, 1998-NMCA-036, ¶ 24. Thus, for the reasons detailed in our second calendar notice, we affirm Defendant's convictions for trafficking and conspiracy to commit trafficking.

{5}     **Sentencing:** In our first notice of proposed disposition, we noted that it appeared that Defendant may be raising an issue regarding a potential illegal sentence; however, it was unclear what error Defendant was claiming. [1 CN 5–7; *see also* DS 6] Because an illegal sentence is a jurisdictional issue, we asked the parties to address the sentencing issue if they filed a memorandum in opposition to the calendar notice. [1 CN 7] *See State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16 (stating that the "trial court does not have subject-matter jurisdiction to impose a sentence that is illegal").

**{6}** In Defendant's first memorandum in opposition, he asserted that his sentence is illegal because the State failed to prove the conviction-crime sequence required under *State v. Linam*, 1979-NMSC-004, 93 N.M. 307, 600 P.2d 253, for purposes of the habitual offender enhancement statute. [1 Def. MIO 16-17; *see also* State MIO 15-16] We considered the arguments presented by both Defendant and the State and, for the reasons detailed in our second calendar notice, we proposed to affirm the district court's enhancement of Defendant's sentence. [2 CN 15; *see also* 2 CN 11–15] We further suggested that if Defendant wishes to pursue an argument regarding the enhanced sentence, he may file a petition for habeas corpus pursuant to Rule 5-802 NMRA. [2 CN 15]

**{7}** In response to this proposed disposition, Defendant continues to argue that his sentence is illegal because the State failed to prove the conviction-crime sequence required under *Linam*. [2 Def. MIO 4–6] Defendant also argues that, to the extent any uncertainty remains as to the facts in this case, this Court should place this matter on the general calendar. [2 Def. MIO 6–7] In support of this argument, Defendant reminds this Court that trial counsel is deceased and appellate counsel has had to rely on either Defendant's recollections or "the limited information in the record proper." [2 Def. MIO 7] We are not persuaded by these arguments. Additionally, we note that

Defendant has not pointed to any error in fact or law with this Court's proposed disposition as to this issue. *See Hennessy*, 1998-NMCA-036, ¶ 24.

{8}     For the reasons discussed in detail in our second calendar notice, and consistent with our reasoning and holding in *State v. Graham*, 2003-NMCA-127, 134 N.M. 613, 81 P.3d 556, *rev'd on other grounds by* 2005-NMSC-004, 137 N.M. 197, 109 P.3d 285, we affirm the district court's enhancement of Defendant's sentence. If Defendant wishes to pursue an argument regarding the enhanced sentence, he may file a petition for habeas corpus pursuant to Rule 5-802.

{9}     Accordingly, for the reasons stated above, in the first notice of proposed summary disposition, and in the second notice of proposed disposition, we affirm.

{10}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

6