This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38574**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ALFONSO RODRIGUEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions for possession of a firearm as a felon, aggravated assault, and child abuse. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition [MIO], which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant maintains that his convictions are not supported by sufficient evidence. [MIO 1] Defendant's memorandum in opposition does not contest any of the facts relied upon in this Court's notice of proposed disposition. Additionally, Defendant has not asserted any new facts, law, or argument

that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis therein.

{3}     With respect to his child abuse conviction, Defendant contends that the jury instruction required evidence that Defendant "pointed the gun in their direction" and that no such evidence was presented to the jury as the evidence merely showed that Defendant pulled a gun and not that he pointed it at anyone in particular. [MIO 8-9] Defendant makes this contention despite his admission that

> the jury may have found that [Defendant]'s possession of the gun or mere handling of the gun caused the children to be placed in a situation that endangered their life or health, that he showed reckless disregard for their safety or health by causing a substantial and unjustifiable risk of serious harm to their safety or health. [MIO 9]

However, it is well established that the sufficiency of the evidence is not assessed based on the erroneous inclusion of an element that is not essential to the charged crime. *See State v. Carpenter*, 2016-NMCA-058, ¶ 16, 374 P.3d 744 (concluding that the sufficiency of the evidence should be measured against only the essential elements of the charged crime and not any additional elements added erroneously). Accordingly, for the reasons stated herein and in our notice of proposed summary disposition, we conclude that Defendant's conviction for reckless child abuse is supported by sufficient evidence.

{4}     Defendant also maintains that the district court erred in splitting his prior felony convictions in order to sustain his conviction for possession of a firearm as a felon, as well as to levy habitual offender enhancements on all three of his convictions. [MIO 9] As support, he cites *State v. May*, 2010-NMCA-071, 148 N.M. 854, 242 P.3d 421, and *State v. Calvillo*, 1991-NMCA-038, 112 N.M. 140, 812 P.2d 794, for the proposition that while "the state may split two crimes committed on the same date and use each for a different purpose, . . . each must be a separate and distinct crime with different elements." *May*, 2010-NMCA-071, ¶ 8 (internal quotation marks and citation omitted). Defendant contends that his prior felony convictions for shoplifting and conspiracy to commit shoplifting were not separate and distinct crimes because they were a part of the same incident and occurred on the same day. [MIO 11] However, the general rule under New Mexico law is that "conspiracy and the substantive offense planned by the conspirators are separate crimes." *State v. Silvas*, 2015-NMSC-006, ¶ 4, 343 P.3d 616 (internal quotation marks and citation omitted). As such, the district court did not err in

allowing the felonies to be split for purposes of sustaining Defendant's possession conviction and habitual offender enhancements.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**BRIANA H. ZAMORA, Judge**