This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41657**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOEL FLUELLEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Bianca Ybarra, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals his convictions for negligent use of a deadly weapon and being a felon in possession of a firearm. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. After due consideration, we remain unpersuaded that our initial proposed summary disposition was incorrect, and we therefore affirm.

**{2}** Defendant continues to argue that the evidence was insufficient to establish the corpus delicti of the offenses. [MIO 6-11] *See State v. Bregar*, 2017-NMCA-028, ¶ 45,

390 P.3d 212 ("The corpus delicti rule provides that unless the corpus delicti of the offense charged has been otherwise established, a conviction cannot be sustained solely on the extrajudicial confessions or admissions of the accused." (emphasis, internal quotation marks, and citation omitted)). We disagree. In this case, Defendant admitted to police that he went to the victim's home and shot at the tires of her car with a 9 mm Glock pistol. These admissions were sufficiently corroborated by independent evidence that a car with bullet holes in the tires was found at the location identified by Defendant and that there were spent shell casings next to the tires consistent with the caliber of firearm Defendant admitted to using. [DS 6; RP 199-20] "Under New Mexico's 'modified trustworthiness rule' approach, a defendant's extrajudicial statements may be used to establish the corpus delicti of the charged crime when the prosecution is able to demonstrate the trustworthiness of the confession and introduce some independent evidence of a criminal act." *Id.* ¶ 46 (alteration, internal quotation marks, and citation omitted); *see also State v. Owelicio*, 2011-NMCA-091, ¶ 27, 150 N.M. 528, 263 P.3d 305 (stating that, "[i]n determining the trustworthiness of . . . extrajudicial statements, we look . . . at the actual content of the statement and evidence that corroborates the information contained in the statement"). In light of this evidence, we disagree with Defendant's argument that "the State's reliance on [Defendant]'s testimony should not qualify as the evidence supporting his admissions." [MIO 7]

**{3}**     Defendant also argues in his memorandum in opposition that the evidence regarding the shell casings and the caliber of firearm used was scientific expert testimony, and the crime scene technician who testified to this evidence does not appear to have been qualified as an expert witness. [MIO 7-9] Defendant therefore argues that this evidence should not be considered as independent evidence supporting Defendant's admissions. [MIO 7-9] We first note that Defendant has not explained whether and how he preserved any argument that the crime scene technician was not qualified. *See State v. Walters*, 2007-NMSC-050, ¶ 18, 142 N.M. 644, 168 P.3d 1068 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). Additionally, Defendant has not argued how testimony regarding the caliber of the shell casings found at the scene are subject to Rule 11-702 NMRA. *See Bregar*, 2017-NMCA-028, ¶ 48 (observing that the defendant did not provide support for her assertion that the admission of photographs taken by an investigating officer are subject to Rule 11-702 and declining to consider the argument).

**{4}**     Defendant next argues that the district court erred in preventing defense counsel from arguing in closing that the State had not presented any witnesses to testify to the identity of the shooter. [MIO 11-13] The district court ruled because the State's witness had been excluded on Defendant's motion due to the State's failure to make the witness available for pretrial interviews, Defendant could not argue to the jury that the State had failed to present the witnesses. [MIO 4; DS 8] In our notice of proposed summary disposition we proposed to affirm and hold that because the absence of the eyewitness was due to the district court's decision to exclude the witness on procedural grounds, Defendant could not properly suggest to the jury that no such witness existed, as this

would have been misleading to the jury. *See generally State v. Nieto*, 2000-NMSC-031, ¶ 17, 129 N.M. 688, 12 P.3d 442 (holding that a defendant has no right to mislead the jury through a misstatement of the law).

**{5}** In his memorandum in opposition, Defendant argues that this case should be reassigned to the general calendar because it is unknown whether the defense counsel's argument was in response to the State's closing and that it is possible that the State opened the door to the argument. [MIO 12-13] We decline to do so. Defendant's memorandum in opposition does not provide any explanation for why he was unable to ascertain information regarding the scope of the State's closing argument. Defendant makes no claim that he made efforts to obtain the relevant portions of the transcript that were unsuccessful or that his trial counsel cannot remember the facts necessary to support his claims or that the case should be reassigned to the general calendar due to any failure of his trial counsel's record-keeping. *Cf. State v. Ibarra*, 1993-NMCA-040, ¶¶ 4, 6, 116 N.M. 486, 864 P.2d 302 (explaining that certain judicial districts make transcripts or audio tapes available during calendaring and that this Court may allow extra time to make such records available in the calendaring process upon a sufficient showing of efforts to reconstruct events without the record and a legitimate inability to recall matters related to the identified error). Therefore, we assume that Defendant is aware of all of the facts relevant to his arguments, and we conclude that summary affirmance on this issue is appropriate for the reasons set out above. *See Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341 (explaining that if this Court can obtain sufficient information from the record proper and the docketing statement to enable us to resolve the issues, summary disposition is appropriate).

**{6}** Finally, Defendant continues to argue that the district court improperly enhanced his sentence under the habitual offender statute. [MIO 13-15] Defendant argues specifically that it is unclear from the record which of his prior convictions were used for which purposes. We disagree. As explained in the notice of proposed summary disposition, Defendant stipulated to the existence of one prior felony conviction at the beginning of trial as necessary to prove his status as a convicted felon for the charge of felon in possession. [DS 6, RP 195] Following trial, the State filed a supplemental criminal information seeking a habitual offender enhancement of Defendant's sentence. [RP 236] The supplemental information alleged that Defendant had been convicted of armed robbery and conspiracy to commit armed robbery on February 14, 2011, in Case No. D-506-CR-2010-00030 (2011 prior convictions) and of possession of a controlled substance on June 14, 2018, in Case No. D-424-CR-2018-00002 (2018 prior conviction). [RP 236]

**{7}** Based on this criminal history, the district court imposed a four-year habitual offender enhancement, representing two useable prior felony convictions. [RP 238] *See* NMSA 1978, § 31-18-17 (2003) (habitual offender statute). Relying on the tape log contained in the record proper, we noted that the State relied on one of the two felony convictions contained in the 2011 judgment to prove his status as a convicted felon. The State then used the remaining prior conviction contained in the 2011 judgment as well as the 2018 prior conviction to enhance his sentence with two prior felonies under the

habitual offender statute. [RP 242-43] The State thus alleged three distinct prior felonies in the supplemental criminal information, and it specified which felony was to be used for purposes of establishing Defendant's status for the felon in possession conviction and which were to be used for habitual offender purposes.

**{8}** The State is permitted to use different felony convictions contained in the same judgment and sentence to enhance under the habitual offender act and to prove the crime of felon in possession of a firearm where the felonies are separate and distinct. *See generally State v. Calvillo*, 1991-NMCA-038, ¶ 8, 112 N.M. 140, 812 P.2d 794 (stating that "the state [is] not prevented from using distinct felonies obtained in the same judgment and sentence for the separate purposes of enhancement under the felon in possession statute and the general habitual offender statute"); *State v. May*, 2010-NMCA-071, ¶ 8, 148 N.M. 854, 242 P.3d 421 (recognizing that "the state may split two crimes committed on the same date and use each for a different purpose, but each must be a separate and distinct crime with different elements" (emphasis, internal quotation marks, and citation omitted)); *see also State v. Hubbard*, 1992-NMCA-014, ¶ 19, 113 N.M. 538, 828 P.2d 971 (determining that two prior felony convictions resulting from the same arrest could be used for different enhancement purposes where "each was a separate and distinct crime with different elements"). As outlined in the notice of proposed summary disposition, "conspiracy and the substantive offense planned by the conspirators are separate crimes," and Defendant's prior convictions for armed robbery and conspiracy to commit armed robbery contained in the 2011 judgment and sentence could, therefore, be split and applied separately as the district court did in this case. *See State v. Silvas*, 2015-NMSC-006, ¶ 4, 343 P.3d 616 (internal quotation marks and citation omitted).

**{9}** Defendant suggests that the tape log of the sentencing hearing is too limited to demonstrate that the district court properly applied Defendant's prior convictions for enhancement purposes and that reassignment to the general calendar is necessary to clarify which prior convictions were used for which purposes. [MIO 14-15]. We disagree. In order to prove Defendant's status as a convicted felon and to impose a four-year habitual offender enhancement, the State needed to prove that Defendant had three separate prior felony convictions. The record in this case, including the tape logs, is sufficient to show that Defendant had three distinct prior felony convictions that could be used for enhancement purposes, that the district court was aware of the double jeopardy concerns involved in imposing the enhancements, and that the district court applied the different felony convictions for different purposes. [RP195, 236-240, 242-243] *See Ibarra*, 1993-NMCA-040, ¶ 9 (explaining that this Court is "free to determine the nature and extent of the trial record necessary to fully review the issues raised in each case and require a transcript in only those cases where it would advance appellate resolution of the issues raised").

**{10}** Finally, to the extent Defendant argues that one of his prior felony convictions was unusable for enhancement purposes because it was for a nonviolent offense, Defendant has cited to no authority in support of this proposition, and we therefore reject it. [MIO 14] *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129

("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). We also note that, although appellate counsel contends that this Court failed to consider defense counsel's argument on this matter in our notice of proposed summary disposition, the issue was not listed in the statement of issues raised on appeal in the docketing statement. [DS 9] As counsel made no argument that the district court erred on this basis, our notice of proposed disposition necessarily did not address it.

{11}   For these reasons and those stated in our notice of proposed disposition, we affirm.

{12}   IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**